HENRY BRUNHILD & BRO. v. WILLIAM E. FREEMAN and another.

*Practice- Contract--Construction of--Judge's Charge.*

1. Where there is a contract admitted and the parties thereto cannot agree upon its meaning, it is for the jury or the Court to determine the same.

2. The construction of a contract does not depend upon what either party *thought* but upon what both *agreed.*

3. In an action upon notes executed by defendant to plaintiff, which action defendant seeks to defeat by proving another contract the terms of which are in doubt, it is not error for the Court to charge that if there was no agreement (outside of or inconsistent with the notes) the plaintiff is entitled to recover.

CIVIL ACTION tried at January Special Term, 1877, of NEW HANOVER Superior Court, before *McKoy, J.*

The case is sufficiently stated by Mr. Justice READE in delivering the opinion of this Court. Verdict and judgment for plaintiffs. Appeal by defendants.

*Messrs. A. T. & J. London*, for plaintiffs.
*Mr. D. L. Russell*, for defendants.

READE, J. The plaintiff sold goods to one Mayer to the amount of $415, and took from Mayer as collateral security therefor eight notes for $125 each, which Mayer held upon the defendant. The defendant subsequently gave to the plaintiff on account of the transaction four notes for $100 each, and this action is upon one of these four new notes. And the plaintiff had a verdict and judgment. This is all plain enough, but the defendant says that at the time when he gave the plaintiff the four new notes, it was upon the understanding that the eight old notes were to be delivered up to him by the plaintiff, and that the plaintiff refused to deliver

them up. And the plaintiff having refused to comply with his part of the contract to deliver up the old notes, he, the defendant, was not obliged to comply with his part of the contract to pay the new notes.

By what sort of financial legerdemain the defendant supposed that he could fairly get clear of the $1000, which he owed Mayer by giving his notes to the plaintiff for $400, he seems not to have made plain to the Court below, nor is it plain to us. He did get credit upon the old notes for the amount of the new. And that was all he was fairly entitled to. Indeed he got credit for $15 more than the new notes. The justice of the case is therefore administered by the verdict and judgment below, and they must be sustained unless some general principle has been violated.

The facts are not sent up as they ought to have been, but the testimony on both sides is stated, and the verdict of the jury finding all the issues in favor of the plaintiff. So that we are to take the facts as stated by the plaintiff to be true, and the verdict must be sustained, unless it appears that His Honor committed some error.

The testimony for the plaintiff was, that he held the eight notes for $125 each upon the defendant only as collateral to secure him $415, which Mayer owed him, and that he agreed with the defendant to take his four new notes for $100 each and enter a credit of $415, on the old notes, informing the defendant that he would then have to re-deliver the old notes to Mayer, and that this was done. The testimony on the part of the defendant was, that it was agreed between him and the plaintiff that upon his giving the four new notes, the plaintiff was to give him up the whole of the old notes.

The defendant asked His Honor to charge that if the new notes were given upon the agreement that all of the old notes were to be surrendered, and they had not been surrendered, then the plaintiff was not entitled to recover. His

Honor gave the charge and therefore the defendant cannot complain, although it may be that the plaintiff could recover, leaving the defendant to his cross action for damages, or to his counter-claim.

The defendant also asked His Honor to charge that if there was a misunderstanding, one party understanding that there was only to be a credit for the $415 upon the old bonds, and the other, that they were all to be surrendered, then the plaintiff could not recover.

His Honor could not give this instruction, because it is admitted on both sides that there was a contract of some sort, and where there is a contract, if the parties cannot agree upon the meaning of it, as is frequently the case, and as in this case, then it is for the jury or for the Court to say what is the meaning.

The defendant chiefly relied upon His Honor's refusal to give the following charge ; "That the question was not what the plaintiff thought, but what the defendant thought, and if the defendant did not intend to assume the payment of the $400, save upon a delivery to him of the eight notes, the plaintiff could not recover."

His Honor very properly refused to so charge, but did charge that it was not what either thought, but what both agreed.

His Honor further charged that if there was no agreement, then the plaintiff was entitled to a verdict. And to this the defendant objects that His Honor charged that the plaintiff could recover without any contract whatever. But that was not the meaning. The note sued on was the contract upon which the plaintiff was to recover, and the defendant sought to defeat the action by proving another contract, the terms of which were in doubt. And His Honor after having explained what would be the bearing of the contract under one hypothesis and another, charged that if there was no agreement at all outside of, or inconsistent with, the note

sued on, then the plaintiff was entitled to recover upon the note.

There is no error.

PER CURIAM.                                    Judgment affirmed.