## EX PARTE CHAPMAN PRICE.

COUNTY CONVICTS.— In 1877 the appellant was convicted of misdemeanor and adjudged to pay a fine and costs amounting to about fifty dollars. Failing to pay he was hired out as provided by law; and the hirer gave bond to the county judge for payment of two dollars per month for the services of appellant until the fine and costs should be paid thereby. This contract was never annulled, but, after the lapse of more than four years, the fine and costs being unpaid by the hirer and his bond found worthless, a *capias pro fine* was issued and the appellant taken and detained by virtue thereof.

Thereupon he sued out *habeas corpus* to the County Court, and on the hearing thereof the hirer was allowed to testify, over objection by the appellant, that he hired appellant for only two months. The County Court remanded the appellant into custody until the fine and costs should be fully paid; and from this judgment he appeals. *Held*, that the trial court erred in admitting parol evidence contrary to the conditions of the bond, and erred in not discharging the appellant from custody. Whatever may be the liability of the hirer, and notwithstanding the worthlessness of his bond, the fine and costs are settled so far as the appellant is concerned, and he is no longer liable for their payment.

APPEAL from the County Court of Fayette. Tried below before the Hon. JOHN C. STIEHL, County Judge.

The opinion states the case.

*Duncan & Meerscheidt*, for the appellant. The court predicated its judgment on the evidence of Fleming Price, whom the court permitted to come in and, in contradiction of the written agreement, to testify that he hired this applicant for only two months. He states also that he had applicant with him for a long time, and never gave him back to the authorities of the law. To the introduction of this testimony the applicant excepted, and also to the judgment of the court.

For the consideration of the court we desire to submit the following propositions:

1. When a person is convicted of a misdemeanor, and is hired out, and bond executed to the county judge in the manner prescribed for hiring out county convicts, the County Court loses its jurisdiction and custody of the convict, unless the convict makes his escape from the hirer and is re-arrested before the bond becomes due.

2. After the convict is hired and the bond taken and approved, the State and county no longer look to the convict for the payment of the fine and costs, but look to the hirer and his bondsmen.

3. When a convict is hired out, and the bond and

agreement show that he is hired out till his fine and costs are discharged, and the convict stays his time, and never escapes from his hirer and is never delivered into custody before the bond becomes due, then the convict is no longer amenable to the jurisdiction of the court which fined him. And if the hirer and his bondsman become insolvent in the meantime, the convict cannot be again arrested on a *capias pro fine* and imprisoned till he pays such fine and costs.

4. If the hirer gives a bond and signs a written agreement, and takes the convict and keeps him as long as he wants to, neither the State nor the hirer should be permitted to contradict and impeach said written document, or show that the agreement of hiring was different from the stipulations of the written contract.

5. If the State hire out a convict, the bond and agreement are conclusive as between the State and the convict, and, in order to hold the convict liable, the State shall not be permitted to impeach the bond after it is due, by showing that there existed a different contract. If the conditions of the bond were obtained by fraudulent representations to the hirer, it is only a question between the hirer and the State, and cannot affect the convict; and the State cannot take advantage of the wrong or fraud of her own officer, especially after the bondsmen and hirer have become insolvent.

*H. Chilton*, Assistant Attorney General, for the State. The rule disallowing the contradiction of a written instrument only applies to parties and their privies. Defendant was not a party to the hiring agreement and bond.

Now it is undoubtedly true that if defendant had been held to labor by a hirer, and his liberty had been to that extent checked, then, for whatever time he was so restrained, he would be entitled to have it credited on the fine and costs.

But, every case must be decided on its own particular circumstances. Here the father of the boy — the guardian of his person — has hired him. The fact that defendant stayed at his father's house after the expiration of two months is not material, because not inconsistent with the idea that he was staying there as the *son* rather than the *hired hand* of his father. If he had proved affirmatively that he worked there *under the contract*, and upon the faith of *being credited with his time*, then there would be much more color in defendant's pretense.

WHITE, P. J. On the 7th of November, 1877, the appellant was adjudged guilty in the County Court of Fayette county on a prosecution for disturbance of religious worship, and judgment was rendered imposing a fine of twenty-five dollars and costs against him. By virtue of an act of the 15th Legislature, entitled "An act to provide for the employment and hiring of county convicts," etc., approved 21st August, 1876 [Gen'l Laws 15th Legislature, p. 228], a contract was entered into between one Fleming Price, the stepfather of the convict, and J. C. Steihl, county judge of Fayette county, conditioned as follows, viz.: "It is therefore agreed by and between the above named contracting parties that the said John C. Steihl, county judge as aforesaid, shall hire said Chapman Price, convict, to the said Fleming Price for the sum of $2 per month until the amount of said fine and costs shall be discharged; and the said Fleming Price agrees on his part to pay for the labor of said convict at the rate above named, and in the manner following, to wit, — two dollars at the end of each month; and he further agrees to treat said convict humanely and furnish him with suitable food, clothing, and, if necessary, medicines, and also to use all proper diligence and care to prevent the escape of said convict. In testimony whereof," etc. Signed and executed by the parties on the 8th day

of November, 1877. Bond and security for the faithful performance of his obligations under the contract was at the same time executed by Fleming Price, and approved by the county judge.

There was no rescission of this contract; no surrender by the hirer of the convict to the proper authorities, nor any notice that he desired to surrender him up, or that he wished to abandon his contract. Nor was there any action had on the part of the county judge or other authorities showing dissatisfaction on their part, or a desire to change or forfeit the contract. In fact nothing further is heard of or done concerning the matter until the 13th day of February, 1882, four years and three months thereafter, when defendant, the convict, was arrested by virtue of a *capias pro fine* issued by the county clerk to collect the fine and costs on the judgment for disturbing religious worship. Appellant was arrested on this writ, and, having been placed in jail by the sheriff, sued out a writ of *habeas corpus* before the county judge, claiming that he was illegally restrained of his liberty, and that, on account of the facts above stated and which were pleaded by him, he was entitled to be discharged. On the hearing upon the writ applicant not only established the above facts but the further fact that he remained with and worked for his hirer from the date of the execution of the contract,— never ran away,— and that his employer had never delivered him up. The exact date when he left or quit working for the hirer is not shown.

It was also shown that the county judge had told Fleming Price and his surety, Barfield, that he held them responsible for the fine and costs, and that Fleming Price then told him he was unable to pay them. When this occurred is not shown; presumably it must have been at or about the time of the issuance of the *capias pro fine*, and doubtless was the inducing cause for its issuance. Fleming Price, who was a witness at the *habeas corpus* trial,

which was also had before the same county judge, Steihl, was permitted by the judge, over objection by appellant, to testify that he had only hired and only intended to hire the convict for a period of two months.   The objection to this testimony was that it varied the terms of the written contract.   In support of the admissibility of this testimony it is insisted that the rule disallowing the contradiction of a written instrument only applies to parties and their privies, and that applicant was not a party to the agreement or contract and bond for hire.   He may not have been one of the contracting parties, it is true, but that he was as much if not more interested in it than any one else, is, we think, equally apparent.   He was the subject-matter of the contract, in fact its most important factor, and the beneficiary when its conditions should be complied with.   That he could avail himself of any attempt to alter, change or vary it after he had become entitled to its benefits and protection, we think too plain to admit of argument.   As well might it be said that he should not be allowed to set it up at all and show, if he could do so, that his fine and costs had actually been paid by the hirer in pursuance of it.   The construction of a contract does not depend upon what either party thought, but upon what both agreed.   *Brunhild* v. *Freeman*, 77 N. C. 128.

This contract, in our opinion, speaks for itself, and if it does not then the hirer and the county judge should have taken some steps to have made it known sooner to applicant, who, for aught that appears, worked for the hirer a sufficient length of time to have paid off almost double the amount of the judgment against him.   So far as he is concerned, the fine and costs appear to have been legally discharged, and he is entitled to be discharged from any further liability on account of them [Code Crim. Proc. art. 814], no matter what liability may attach to the hirer.   And the fact that the hirer and his surety may

be insolvent, and that the judgment cannot be collected of them, does not deprive him a single whit of his right to a full, complete and final discharge from the judgment.

The judgment of the County Court of Fayette county, refusing to discharge and remanding the prisoner to custody till said judgment be paid, is reversed, and appellant is hereby discharged from the illegal restraint and custody in which he is held by virtue of the *capias pro fine.*

*Reversed and appellant discharged.*