B. H. COZART et al. v. WEST OXFORD LAND COMPANY.

*Specific Performance—Breach of Contract—Issue for Jury.*

1. On the trial of an action for specific performance of a contract to purchase land, it appeared that the land had been sold, pending the action, under prior incumbrance, and the sale confirmed by order of Court, with consent of all parties, and that the complaint had been amended so as to claim damages for an alleged breach of contract by defendant to purchase. The defendant moved in this Court to dismiss the action on the ground that the plaintiff did not have and could not make title at the time of the trial, and also because no contract in writing between defendant and plaintiff had been shown: *Held*, that the motion to dismiss the action cannot be allowed, because (1) it is not now an action for specific performance, and (2) the defendant cannot avail itself of section 683 of *The Code*, unless it had been specifically pleaded.

2. Where, on the trial of an action for specific performance to purchase land, the owner alleged an agreement by plaintiff to take a certain amount of stock in the defendant corporation, and to convey the land clear of incumbrance by a specified day, and his failure so to do, by reason whereof the defendant was unable to make a sale and distribution of lots into which the land had been divided: *Held*, that it was error in the Court below to refuse to submit an issue framed to ascertain whether such sale and distribution of lots had been prevented by the failure of plaintiff to remove the incumbrance and take the stock.

CIVIL ACTION, tried before *Bryan, J.*, and a jury, at April Term, 1893, of GRANVILLE Superior Court.

Defendant appealed. The facts are fully stated in the opinion of Associate Justice MACRAE.

*Mr. T. T. Hicks*, for plaintiffs. ·
*Messrs. Graham & Graham*, for defendant (appellant).

MACRAE, J.: The primary object of this action was to compel specific performance of an alleged contract between plaintiff B. H. Cozart and the defendant company for the purchase by defendant of plaintiff's land, the discharge by defendant of certain liens or incumbrances upon said land, and the issue by defendant to said plaintiff of twenty shares of stock in defendant company; and as ancillary relief, to enjoin the other defendants from selling said land under their mortgages or trust deeds, pending this litigation. A restraining order was made. It appears by the complaint that upon an intimation of the Judge that he would dissolve the restraining order, it was agreed between the parties that the defendants Herndon & Cooper, mortgagees, might sell the land under their deeds, that they did sell the land, and the same was bought by defendant Herndon, and the sale was confirmed by an order of Court reciting the consent of parties thereto.

Upon these changed conditions the plaintiff B. H. Cozart demands damages of defendant company for failure to comply with its contract.

The pleadings are extremely voluminous, the complaint having been used as an affidavit to obtain the restraining order, and much of it is directed to that question. The complaint has been twice amended, and there are several exhibits attached.

The defendant company admits that there were negotiations between plaintiff and defendant in relation to the pur-

chase of the land described, but denies that plaintiff complied with the agreement to relieve the land of all incumbrances over $23,000, or that plaintiff ever conveyed said land to defendant clear of all liens above said sum. It admits the tender of a deed, but denies that it was according to contract. Defendant further alleges, that relying upon plaintiff's promises to reduce the liens upon the land to $23,000 by a certain day, it paid off incumbrances to the amount of $3,000; that it had said land laid off and surveyed; that it advertised sales to be made upon the day last above referred to, and that by reason of the failure of plaintiff to reduce the liens upon said land to $23,000 in compliance with his agreement, the defendant has been damaged to the amount of $5,000. Defendant further claims the right to be subrogated to the rights of the holders of the incumbrances paid off by it, which were prior liens to the Herndon and Cooper mortgages, and demands further judgment against plaintiff for $3,000, the amount so alleged to have been paid by the defendant. And the defendant charges that it was induced to enter into the contract or agreement with plaintiff by the false representations of plaintiff that the incumbrances upon the land did not amount to more than $19,000. To the answer there was a reply, reiterating the allegations of the complaint and denying all false representations. The pleadings on both sides abound in the statement of evidential facts and matters only pertinent upon the question as to the right of plaintiff to the restraining order.

In this Court the defendants move to dismiss the action upon the ground that the complaint does not state facts sufficient to constitute a cause of action, as it appears that the land in controversy has been sold by consent of the plaintiffs under the Herndon mortgage, and the sale has been confirmed, and that the plaintiffs cannot execute title to the defendant land company, as they are no longer the owners of said land, and it is admitted in the complaint that the

liens are in excess of $23,000, and have not been reduced to that sum ; and also that there is no contract in writing shown between defendant corporation and plaintiff. The motion is denied, because, first, the action is now for damages for an alleged breach of contract, and not to compel specific performance; second, if defendant had desired to avail himself of the defence of the statute, section 683 of *The Code*, he should have specially pleaded it. *Curtis* v. *Piedmont Co.*, 109 N. C., 401.

The defendant tendered the following issues: (1) " Was the agreement of the defendant, the West Oxford Land Company, to purchase the land of the plaintiff, B. H. Cozart, founded upon the representation made by the said B. H. Cozart that the judgments, liens and incumbrances on said land did not exceed $23,000?" (2) " Was said representation false?"

After a careful perusal of the answer we do not find it alleged that the plaintiff B. H. Cozart represented that the judgments, liens and incumbrances on said land did not exceed $23,000. The answer charges that said Cozart repeatedly assured the defendant that the incumbrances on the said land would not exceed the sum of $18,000 or $19,000, and that if the defendant would assume the payment of said incumbrances, he, the said Cozart, would sell said land at the price of $25,000, $2,000 of which he would take in the capital stock of said company at par, and the difference between the amount of the said incumbrances and $23,000 in cash. That, relying upon the representations of plaintiff, defendant agreed to take said land at the prices stated, upon condition that plaintiffs would execute and deliver a deed in fee simple to said land on or before the 26th day of March, 1891. The defendant goes on at great length to detail the assertion of plaintiff that the incumbrances did not amount to more than $19,000, the reliance of defendant upon said statement and the consequent payment by defendant of debts

of plaintiff to the amount of more than $3,000; the discovery that said incumbrances amounted to over $26.000; the new promise of plaintiff that if defendant would take the land at the price stated, he (plaintiff) would relieve it of all incumbrances in excess of $23,000 on or before the 26th day of March, 1891; the acceptance of this offer by defendant if plaintiff would comply with his agreement on or before the time stated; the failure of plaintiff to comply, and his tender of a deed to defendant and refusal to accept the same by defendant, because the land had not been relieved of all incumbrances over $23,000; the execution of a deed for said land to Gregory, trustee, and the failure of defendant and Gregory, or either of them, to tender to defendant a deed in accordance with the agreement, and the great damage sustained by defendant in consequence of such failure.

The reply denies all false representations, and avers the readiness and willingness of plaintiffs and their offer to deliver to defendants a good deed for said land free from all incumbrances over and above the sum of $23,000, and the refusal of defendant to comply with its contract. The reply further alleges that the deed above referred to was made to Gregory for the use of defendant, and as its agent, and sets forth an agreement made by Gregory (with plaintiff) for himself and his associates to pay off all incumbrances on said land to the amount of $23,000, and to pay to said Cozart the sum of $2,000 in stock of defendant company at par, and alleges, in substance, that the agreement made with Gregory was with him as agent of defendant company. If we have thus far extracted from the pleadings the true matter at issue between the parties, there seems to be no great difference between them as to the terms of the contract, except in one particular, and as no issue was tendered on either side as to its terms, it seems to be conceded that the plaintiff and defendant company entered into an agreement or contract that the plaintiff B. H. Cozart would make to said defendant a deed in

COZART v. LAND COMPANY.

fee simple for the land named, relieved of all incumbrances over and above the sum of $23,000, the other plaintiffs undertaking to discharge all liens or incumbrances in excess of said sum, and the defendant company undertook, in consideration for such deed and conveyance, to discharge the liens upon said land, which were debts of said B. H. Cozart, to the amount of $23,000, and to issue to him twenty shares of stock in said company at its par value; $2,000, and if the said liens should not amount to $23,000, to pay to said plaintiff the difference in cash.

The contention of the plaintiffs is that they have always, since the making of the contract, been ready and willing, and have repeatedly offered, to convey said land to defendant company free from all incumbrances in excess of $23,000, and that defendant company has failed and refused to comply with its contract. But the land having been sold under some of the liens which were upon it, the original demand for specific performance has been abandoned, and the plaintiffs now demand damages for breach of contract by defendant company.

The defendant, on the other hand, contends that the plaintiffs have never tendered to it a deed for said land freed from all incumbrances in excess of $23,000. It contends further, that by the terms of the contract said deed was to have been delivered to it on or before a day certain, the 10th day of March, 1891, and that the time of the delivery of said deed was of the essence of the contract; that upon the faith of plaintiff's agreement defendant sold stock and advertised a sale and distribution of the land to be made on the 19th day of August, 1891, and incurred expenses of preparing the land for said sale, and paid off a part of the liens upon said land, and that by the failure and refusal of plaintiffs to comply with their contract the defendant has been damaged to the amount of $5,000 for the failure of its enterprise; and in the sum of $3,000, money paid by it in discharge of liens

upon said property. Defendant also asks that for the last named sum it be subrogated to the rights of the parties whose liens have been paid off. Defendant also alleges that it was induced to enter into the contract by reason of the false and fraudulent representations of plaintiff B. H. Cozart that the sum of the incumbrances upon said land did not amount to more than $18,000 or $19,000. The last charge seems to lose its force by reason of the defendant's further allegations of the agreement as to the satisfaction of all liens over $23,000, and that upon plaintiffs carrying out their agreement the defendant would take the land upon the terms above set forth.

We can see, therefore, no necessity for the two issues first tendered by defendant. The terms of the contract not being seriously controverted by either side, except in one particular, which we will reach directly, there was no necessity for the first and second additional issues presented by defendant, especially as the said issues involved the finding of a special verdict by the jury.

There was, however, a sharp contention between the parties as to the question whether the performance of the contract was limited as to time, and we think that the third of the additional issues which arose upon the pleadings, was material and has not been presented in any other form to the jury: "Was the sale of lots and distribution of same on 19th of August, 1891, prevented by the failure of plaintiffs to discharge the liens in excess of $23,000, or from failure of plaintiffs to comply with the agreement to take stock in the West Oxford Land Company"? And this issue, we think, ought to have been submitted to the jury, as upon a response to it might have depended the findings upon others which were submitted.

As the case must go down for a new trial, it will be unnecessary to examine the numerous and interesting questions further presented, but we suggest that the matters in dispute

between the parties are greatly and unnecessarily complicated by the prolixity of the pleadings, much of which matter bearing upon the question of the restraining order, as well as much statement of evidentiary facts, might be profitably eliminated upon a repleader before another trial.

New Trial.