B. H. COZART et al. *v.* H. C. HERNDON et al.

*Contract—Corporation—Subscriber to Capital Stock—Liability as Stockholder—Evidence.*

1. In order to constitute a contract there must be a proposal squarely assented to: an acceptance based upon terms varying from those offered is a rejection of the offer, and unless such counter-proposal is accepted and its acceptance communicated to the proposer there is no contract; therefore,

2. Where a corporation wrote to H. offering to buy his land for a certain amount of its capital stock, and he replied assenting to the offer upon the condition that he should reserve all the wood and timber on the land, and the directors on the same day voted to accept his proposition but such acceptance was not communicated to him, and about nine months thereafter H. withdrew his proposition, and there was no evidence that the stock was delivered or title made or any further action taken by either party in pursuance of such correspondence: *Held,* that there was no contract by which H. became a stockholder of the corporation.

CIVIL ACTION, tried before *Bryan, J.,* at Fall Term, 1893, of GRANVILLE Superior Court.

From a judgment for the defendants the plaintiffs appealed. The nature of the action and the pertinent facts appear in the report of the case on a former appeal (113 N. C., 294) and in the opinion of Chief Justice SHEPHERD.

*Mr. T. T. Hicks,* for plaintiffs (appellants).
*Messrs. Edwards & Royster* and *Batchelor & Devereux,* for defendants.

SHEPHERD, C. J.: The general purpose of this action is stated in the opinion in this case when it was before us on a former occasion (113 N. C., 294), but in the present appeal the only question involved is whether the defendant H. C.

Herndon was a stockholder in the co-defendant company. His Honor instructed the jury that there was no sufficient evidence to establish such a relationship, and it is the correctness of this ruling which is alone presented for review.

No stock was issued to the said Herndon, nor does it appear that his name ever appeared upon the books of the company, nor that he ever held himself out, nor was, with his knowledge, held out as a stockholder. Thompson on Stockholders, section 174. The secretary, treasurer and the said Herndon testified that the latter was not a stockholder, and it cannot seriously be insisted that the mere suggestion of Herndon to James T. Cozart that he and his brother and brother-in-law ought to take stock in the company was in itself sufficient evidence to sustain the contention of the plaintiffs. The case, therefore, must be determined upon the effect of the correspondence between the company and the said Herndon. On the 15th of June, 1891, the company, through its president, addressed a letter to Herndon which contains the following language:

"We have considered the question as to the purchase of your fifty (50) acres, and while we think $300 an acre rather high in view of the fact that under the arrangements suggested in the first of this letter we have only placed a value of $200 per acre on the vacant Cozart property, yet we have decided to take the place for fifteen thousand dollars of the stock of the company, feeling that our joint interest will be promoted by concert of action.

"As several of our directors are from a distance we shall be glad to have a response from this at once."

On the same day Herndon replied as follows:

"As to my land adjoining the Philpott property, I think your company could very well afford to give me $20,000 of your stock for it. It would probably have a better effect here and also abroad than $15,000. If, however, you fail

to take that view of it, I will accept the offer of $15,000 with this consideration, however, that I reserve, in making this transaction, all and every kind of wood and timber on the place for my own exclusive use and benefit."

At a meeting of the directors on the same day the following proceedings were had, as appears upon the minutes:

" On motion, the same (that is the proposition of Herndon) was accepted, and the treasurer directed to deliver stock upon receipt of deed, title being clear."

The defendant Herndon testified " that the condition upon which he proposed to sell to defendant company certain land (as set forth in his letter) was never accepted by said company, and that he withdrew his proposition to sell to said company about the 18th of March, 1892."

It does not appear that the resolution of the board accepting the proposition was ever communicated to said defendant, nor does it appear, as we have stated, that the stock was delivered, nor that title was made, nor, indeed, that any further action whatever was taken by either party in pursuance of the said correspondence.

It is well settled that in order to constitute a contract there must be " a proposal squarely assented to." If the proposal be assented to with a qualification, then the qualification must go back to the proposer for his adoption, amendment or rejection. If the acceptance be not unqualified, or go to the actual thing proposed, then there is no binding contract. A proposal to accept or acceptance based upon terms varying from those offered is a rejection of the offer. 1 Wharton on Con., 4. " The respondent is at liberty to accept wholly, or reject wholly, but one of these things he must do; for if he answer not rejecting, but proposing to accept under some modification, this is a rejection of the offer." 1 Parson on Con., 476. " It amounts to a counter-proposal, and this must be accepted and its accept-

ance communicated to the proposer, otherwise there is no contract." Pollock on Con., 10.

Applying these general principles to the facts before us, it is plain that there was no contract by which the defendant Herndon became a stockholder. The proposal of the company was to purchase the land for $15,000 of its stock. Herndon's answer is not an acceptance, but a proposal to accept with the very important qualification that he is to reserve "all and every kind of wood and timber on the place for his own exclusive use and benefit." The acceptance of this proposal was never communicated to him, and after many months the proposal was revoked without objection, it seems, by the company.

We think his Honor was correct in holding that there was no evidence that the defendant Herndon was a stockholder.                                    Affirmed.