J. T. PRUDEN v. ASHEBORO AND MONTGOMERY RAILROAD COMPANY.

*Contract—Accord and Satisfaction—Compromise—Attempted Alteration of Contract.*

The acceptance, by telegram, of an offer, made by telegram, to pay a sum certain in full settlement of a claim in dispute, followed by immediate payment by the debtor of the amount which was retained by the creditor, constitutes a contract, by way of compromise in full satisfaction of the claim, which the creditor has no right to alter by the form of receipt given for the money.

CIVIL ACTION for an alleged balance due on contract for work done by plaintiff for defendant tried before *Coble, J.*, and a jury at July Term, 1897, of RANDOLPH Superior Court. There was a verdict for the plaintiff and from the judgment thereon the defendant appealed. The facts appear in the opinion.

*Mr. J. T. Morehead*, for plaintiff.
*Messrs. Douglass & Holding*, for defendant (appellant).

FURCHES, J.: The plaintiff had a contract with defendant to grade its road-bed from Star to Asheboro. The plain-

tiff did the work and defendant paid plaintiff thereon the sum of $7,744.48, leaving an admitted balance still due the plaintiff. But they differed as to this amount, as the plaintiff contended that the estimates were to be made by one rule, and the defendant contended they were to be made by another. The plaintiff contended that the work of grading amounted to $12,620.04, and that the amount still due him was the difference between $12,620.04 and $7,744.48; while the defendant contended that the whole work done by the plaintiff did not amount to so much as the plaintiff claimed. The parties finding that they could not agree upon the amount still due, terms of compromise were discussed, and the plaintiff offered to take $3,000 in payment for what was still due. But the defendant declined this proposition, and the plaintiff left without any terms being agreed upon.

After plaintiff had left, the defendant caused the following telegram to be sent to the plaintiff: "J. T. Pruden, Care No. 7, cd.—A. F. Page feels that he has conceded enough in settlement with you, but in order to settle the matter and avoid any further trouble on our part, we hereby agree to your proposition paying you a balance of $3,000 in full for balance due. Answer if satisfactory." (Signed Page Lumber Company). To which plaintiff replied by telegram as follows: "Page Lumber Co.—Message received. Send checks to Ashboro." (Signed J. T. Pruden.) In reply to this, defendant sent the following telegram to J. T. Pruden: "Please say by wire if checks for $3,000 will be received by you as payment in full." (Signed Page Lumber Company.) On the back of this telegram the following endorsement, admitted to be genuine, and made by J. T. Pruden, when he answered the telegram "Ans."—"That was what I meant." (Signed) J. T. P." The telegram itself was as follows: "P. L. Co.—"Ans.—That was my proposition, send checks and receipt shall follow." (Signed J.

T. Pruden). Defendant upon the receipt of this last telegram sent plaintiff checks amounting to three thousand dollars accompanied by the following receipt for the plaintiff to sign and return: "Aberdeen, N. C., Sept. 19, 1896. $3,000. Received of Robert N. Page, treasurer, his check No. 2340 on Commercial & Farmer's Bank, Raleigh, N. C., for $700; check of A. F. Page on Commercial & Farmer's Bank, Raleigh, N. C., for $1,000; and R. N. Page, treasurer, check dated September 29, on the same bank payable to A. Leazer, Superintendent for $1300, a total of three thousand dollars in full payment for grading the Ashboro & Montgomery Railroad from Ashboro to Star." To this receipt the plaintiff added the following: "And for all other services rendered by me to said Company—said sum being a balance upon a settlement made upon the basis of a final estimate, made by the engineer of said company, of the entire work done by me on said road, which is as follows—114,000 cubic yards earth 880.87½—100 cubic yards of solid rock, and for extra work $80.70." (Signed) J. T. Pruden.

The plaintiff retained the checks amounting to $3,000 but signed and returned the receipt to the defendant in this altered condition.

The plaintiff's proposition to take $3,000, at their first meeting by way of compromise, was not accepted by defendant, and therefore failed. *Gregory* v. *Bullock*, 120 N. C., 260. But defendant afterwards by telegram proposed to accept the plaintiff's terms, and to pay him $3,000 by way of compromise in full satisfaction of plaintiff's claim. This proposition the plaintiff accepted, and defendant at once sent plaintiff $3,000 as directed by plaintiff in his telegram of acceptance. This proposition of defendant to pay $3,000 in full of plaintiff's claim, and the acceptance of the same by the plaintiff, was a contract, and the plaintiff had no right to alter or change it. He could not accept the payment

and change the terms upon which the defendant paid it. *Long* v. *Miller*, 93 N. C., 233. The plaintiff, having agreed to take $3,000 by way of compromise in full satisfaction of his claim and having been paid that amount by defendant, cannot maintain this action. *Code*, Section 574.

There are many other exceptions presented by the record, involving the introduction and exclusion of evidence, and also as to the charge of the Court, but none of these bear upon or in any way affect the exception we have discussed in this opinion. And, as the exception we have discussed is decisive of the case, we have not considered the others.

Error.