ELLIOTT BUILDING COMPANY, INCORPORATED, v. CITY OF GREENSBORO.

(Filed 18 November, 1925.)

**1. Contracts—Municipal Corporations—Cities and Towns—Bids—Acceptance.**

A municipal corporation advertised for sealed bids to construct its water and sewer system to be accompanied by a certified check in a stated sum as a guarantee of good faith, with provision that parts of work should not be let out to subcontractors without the consent of the city, and at the date specified opened the bids and awarded the contract to the plaintiff in exact accordance with its proposal, subject to investigation as to its ability to perform the same: *Held,* the acceptance of the bid by the city made a binding contract, subject to the investigation by the city.

**2. Same—Reasonable Time.**

Where a municipal corporation accepts a bid for its water and sewer system subject only to its right to investigate the responsibility of the bidder to perform it, it is incumbent upon the city to make the investigation within a reasonable time, and the bidder may not withdraw its bid after its final and complete acceptance by the municipality.

**3. Same—Interpretation.**

Where a municipality has accepted a bid for the construction of its waterworks and sewer system subject to an investigation as to the ability of the bidder to perform it, without authority to subcontract it either in whole or in part without the consent of the city, and pending this inquiry the bidder notifies the city of its intention to subcontract certain parts: *Held,* construing the offer, under its terms, and the notification together, the latter was not in effect a withdrawal of the bid, but at most only notice that, if the bid was accepted, the bidder's right to request permission to sublet would be exercised.

**4. Same—Actions—Damages.**

Where a bidder for the erection of a water and sewerage system of a city, has put up a certified check in a certain amount as a guarantee of its ability to perform the contract in good faith if awarded to it, which was to be given to the lowest responsible bidder, under sealed bids to be opened at a stated time and when awarded to it fails or refuses to perform the contract, it may not maintain its action at law to recover the amount of the check it had deposited, when it was necessary for the city to retain it in order to protect itself from loss by the contract being given to a higher bidder.

APPEAL by plaintiff from GUILFORD Superior Court. *Schenck, J.*

Action by plaintiff, to recover $5,000 deposited with defendant, with its bid on water and sewer construction. From a judgment of nonsuit plaintiff appeals. Affirmed.

Plaintiff contends that the defendant, having the "managerial" system of government, prior to 12 February, 1924, advertised for bids for the construction of a large water and sewer system, stating that "proposals

will be received by the city council of Greensboro, North Carolina, until 2 :15 o'clock p. m., Tuesday, 12 February, 1924." The advertisement stated that specifications could be secured from M. M. Boyles, its engineer, where plans and profiles were on file, and requiring that "each bid must be accompanied by a certified check in the sum of $5,000, made payable to the city of Greensboro, N. C.," and that "bids will be opened publicly and read at the city hall on Tuesday, 12 February, 1924, at 2 :15 o'clock p. m,"

The defendant furnished to prospective bidders its specifications, forms of proposal or bids and form of contract. Pursuant to this advertisement plaintiff, on 12 February, 1924, made and filed its bid in writing, using defendant's prescribed form, with its check for $5,000. Plaintiff's representative was present at the opening of the bids. The contract was not awarded then, but was postponed, and no objection was made to this postponement. Plaintiff, 16 February, 1924, by letter to defendant's manager, advised that if awarded the contract it would sublet the machine work and that, "we do not propose to buy any machines for this work." On 20 February, 1924, plaintiff sent to defendant's mayor a telegram, stating : "We hereby withdraw our proposal on construction water and sewer."

Defendant alleges that plaintiff filed its bid, accompanied by check and was awarded contract before notice of withdrawal, but failed to execute the contract in accordance with its bid. It further says that the award was not made on 12 February, 1924, but the matter was taken under advisement, with the consent of the plaintiff, for the purpose of inquiry by defendant's manager and waterworks superintendent, so as to satisfy them that the plaintiff could get its equipment and organization ready for duty in a reasonable length of time, and that the letters and telegrams of the plaintiff were received, but plaintiff's telegram was received after plaintiff's bid had been accepted, and defendant claims the $5,000 has been forfeited to its use and is now its property.

Defendant alleges that, on account of the failure of the plaintiff to execute its contract, it was required to accept the next lowest bid which was more than the plaintiff's.

Plaintiff's evidence included the contract and specifications bid on, and tended to show that defendant's minute book contains, as of 13 February, 1924, the following entry: "Councilman Price moved that the contract for the construction of water and sewer lines be awarded to the lowest bidder, which was the Elliott Building Company of Hickory, North Carolina, provided that city manager Painter and superintendent of the water department, Mr. Boyles, were satisfied that they, the Elliott Building Company, could get their equipment and

organization ready for duty in a reasonable length of time, and that the mayor and city manager Painter be authorized to execute a written contract on behalf of the city.

Plaintiff's letter to defendant's manager, on 16 February, 1924, contained the following: "We will appreciate the kindness very much if you will either accept our proposition as made to you on the 12th, or reject the proposition and return our check at once." This letter also contained the statement that the plaintiff was going to sublet the "machine work." Defendant's manager sent on 20 February, to plaintiff a letter stating that it had been awarded the contract for sewer and water in accordance with the provisions of the contract, specifications and proposal, and not in accordance with plaintiff's letter of the 16th. It was admitted by defendant that no action was taken by defendant's council in accepting or attempting to accept the bid on 12 February, 1924.

Plaintiff introduced defendant's allegation that its telegram, attempting to withdraw its bid, was received 20 February, 1924, and that defendant has collected and appropriated the $5,000 check.

The proposal submitted by plaintiff declares that it had carefully examined the contract and "hereby agrees to enter into a contract to construct and complete the said work in accordance with the plans and specifications therefor, and the requirements of the engineer under them, and within ten days from the date of the acceptance of this proposal, will furnish such good and acceptable bond as required in paragraph five of 'Instructions to Bidders.'" Its proposal further provided that, "in the default of the performance of any of these conditions on our part to be performed, the sum of $5,000 attached to this proposal shall, at the option of the mayor and city council, become the property of the city of Greensboro, N. C., and sustained and liquidated damages for such default; otherwise the sum of $5,000 shall be returned" to the plaintiff. The contract contemplated by this proposal and made a part thereof provided as follows: "No assignment or subletting of the work, or any part thereof, will be recognized or binding without the written consent of the city endorsed on the contract."

*King, Sapp & King for plaintiff.*
*B. L. Fentress, A. Wayland Cooke and Alfred S. Wyllie for defendant.*

VARSER, J. Plaintiff's representative was at the opening of the bids on 12 February, 1924. No objection was made to the continuance for further consideration. Plaintiff's letter to defendant's manager on 16 February, asked for an early acceptance or rejection of its bid filed with defendant on 12 February. The action of the defendant through its

council, on 13 February, 1924, as set forth in its resolution, is not material to this matter, for that it appears that the acceptance relied upon by defendant took place 19 February. This fact eliminates from our consideration the contention that the resolution of 13 February is conditional and not an acceptance, but a rejection. It is certainly not a rejection and no notice thereof having been given to plaintiff, and with plaintiff's letter of 16 February plainly treating its bid as still open for defendant's consideration and acceptance and requesting that defendant take early action thereon, does not amount to a withdrawal.

The rights of the parties depend upon whether there was a contract. It is admitted that the plaintiff did not, upon notice of defendant's acceptance of its bid, execute the contract specified in its written proposal and did not attempt to perform the work contemplated by its bid. It is further admitted that the defendant retained the $5,000 deposited with plaintiff's bid on account of plaintiff's failure to execute the contract and perform the work.

A contract is "an agreement upon sufficient consideration to do or not to do a particular thing." Blackstone, Book 2, 442; Mordecai's Law Lectures, 1104. Three things are contemplated in all contracts: First, *the agreement;* second, *the consideration;* third, the thing to be done or omitted, or, the different species of contracts. Blackstone, *supra;* Mordecai's Law Lectures, *supra.* Only the first element of contracts concerns us in this case. The other two are admittedly present if the first exists. We are of opinion that the first element, to wit, the agreement, does exist in the instant case.

When the plaintiff filed its written bid or proposal, containing definite terms, with defendant, and the defendant accepted this written proposal, the contract was complete. The two primary elements constituting the agreement, to wit, the offer and the acceptance, were existent. *Bailey v. Rutjes,* 86 N. C., 517, 520; *May v. Menzies,* 184 N. C., 150; *Brunhild v. Freeman,* 77 N. C., 128; *Pendleton v. Jones,* 82 N. C., 249; *Elks v. Insurance Co.,* 159 N. C., 619; *Crook v. Cowan,* 64 N. C., 743. This offer and acceptance created an agreement and did not leave the matter subject to what either party may have thought. *Brunhild v. Freeman, supra.* The acceptance of plaintiff's offer (*Crook v. Cowan, supra*), within a reasonable time (*Mizell v. Burnett,* 49 N. C., 249; *Rucker v. Sanders,* 182 N. C., 607), completed the agreement. The acceptance in the instant case was identical with the offer made in every respect and constituted mutual assent to the identical proposal made by plaintiff without "doubt or difference." *Grandy v. Small,* 50 N. C., 50; *Walker v. Allen,* 50 N. C., 59; *Morrison v. Parks,* 164 N. C., 197; *Sumrell v. Salt Co.,* 148 N. C., 552; *Rucker v. Sanders, supra; Baker v. Lumber Co.,* 183 N. C., 577; *Freeman v. Croom,* 172 N. C., 524; *Gregory v. Bullock,*

120 N. C., 260, 261; *Elks v. Insurance Co., supra; Wooten v. Drug Co.,* 169 N. C., 64; *Croom v. Lumber Co.,* 182 N. C., 217, 220; *Howell v. Pate,* 181 N. C., 119; Page on Contracts, vol. I, sec. 46; *National Bank v. Hall,* 101 U. S., 43; *Egger v. Nesbitt,* 43 Am. St. Rep., 596; *Minneapolis & St. Louis Ry., v. Columbus Rolling Mill,* 119 U. S., 149; *Cozart v. Herndon,* 114 N. C., 252; 6 R. C. L., 608; *Golding v. Foster,* 188 N. C., 216.

A delay in accepting an offer permits a withdrawal (*Watters v. Hedgpeth,* 172 N. C., 310), which is the right of the offerer. *Cooper v. Lansing Wheel Co.,* 34 Am. St. Rep., 341; Page on Contracts, sec. 33; 6 R. C. L., 603; *Eskridge v. Glover,* 26 Am. Decisions, 344, 349; *Strook Plush Co. v. New England Cotton Yarn Co.,* 100 N. E., 617; *Rucker v. Sanders, supra;* Elliott on Contracts, sec. 175. The acceptance must precede notice of withdrawal of bid. *Cozart v. Herndon, supra; Edmondson v. Fort,* 75 N. C., 404. The telegram from plaintiff to defendant was dated 20 February, 1924, the acceptance by defendant of plaintiff's offer was on 19 February, 1924, and the evidence offered by plaintiff shows clearly that defendant did not receive the telegram of withdrawal prior to its acceptance.

Plaintiff claims that its letter of 16 February, when it advised defendant that it would sublet the machine work, was such a modification as to constitute a new bid and withdraw the old. The letter as a whole, treats the original bid as still in force and the statement as to subletting is made upon the assumption that the original bid will be accepted and the contract named therein will be executed. This contract provided that subletting could only be done with the written assent of the defendant, and construing the letter with the written proposal, the letter is not a modification. At most it is only notice that, if the bid is accepted, its right to request permission to sublet, will be exercised. The defendant had the right to modify before acceptance, but we are of the opinion that it did not modify. The defendant, therefore, is within its rights in holding the money deposited by plaintiff with its bid as security for its performance of the contract when accepted. McQuillan on Municipal Corporations, vol. 3, sec. 1221; *Turner v. Fremont,* 170 Fed., 259, 263; 95 C. C. A., 455; *City of Portsmouth v. Portsmouth & Norfolk Corporation,* 95 S. E., 279; *Wheaton Lumber Co. v. Boston,* 90 N. E., 598.

This is an action at law to recover the money deposited, and after acceptance this cannot be done. McQuillan on Mun. Corps., *supra; Moffitt v. Rochester,* 198 U. S., 873; *Kimball v. Hewitt,* 2 N. Y. S., 697; *Baltimore v. Robinson Construction Co.,* L. R. A., 1915-A, 225.

The defendant had a reasonable time in the absence of notice of withdrawal or modification to consider plaintiff's bid and determine whether it would accept it or not. The money deposited was to guarantee that

plaintiff would execute the contract, with the bond contemplated, if its offer was accepted. *Baltimore v. Robinson Construction Co., supra; Wheaton Bldg. & Lumber Co. v. Boston,* 90 N. E., 598.

We see no reason to disturb the judgment of the court below. Opportunity to change the offer is afforded the offerer until acceptance, but when accepted and the constituent elements of an enforceable contract exist, it is to the interest of the parties, and society, as well, that contracts be performed as made.

Let it be certified that the judgment of the court below is
Affirmed.