JOHN DAVENPORT AND MILLARD DAVENPORT v. PENNSYLVANIA FIRE INSURANCE COMPANY.

(Filed 21 November, 1934.)

APPEAL by plaintiffs from *Frizzelle, J.,* at February Term, 1934, of LENOIR. Affirmed.

This action was brought by plaintiffs against defendant to recover $1,750, with interest from 14 April, 1931. The action was founded on an alleged parol contract for insurance, made by an alleged agent of defendant's company, for the destruction by fire of a building on 14 April, 1931, on which plaintiffs allege they had the parol contract for insurance.

*Rouse & Rouse for plaintiffs.*
*Smith, Wharton & Hudgins and R. A. Whitaker for defendant.*

PER CURIAM. At the close of plaintiffs' evidence and at the close of all the evidence, the defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled the motion of defendant, at the close of plaintiffs' evidence, and sustained the motion at the close of all the evidence. We think, on the entire record, that the court below was correct.

In *Lea v. Insurance Co.,* 168 N. C., 478 (482), quoting many authorities, it is said: "Is a parol contract of insurance or a memorandum of the contract, called a binder, valid, although a standard form of policy has been adopted by statute?

"In the absence of a statutory prohibition, the great weight of authority is in favor of the validity of a parol contract of insurance."

In *Manufacturing Co. v. Assurance Co.,* 161 N. C., 88 (96), it is said: "It can make no difference in the result what was intended by either party, nor can the contract be changed or modified by what one of the parties may now say he intended. It all depends upon what was said and done at the time. If no contract was made then, it cannot be made now *post facto.* 'A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks, but what both agree.' *Prince v. McRae,* 84 N. C., 674, citing *Brunhild v. Freeman,* 77 N. C., 128, and *Pendleton v. Jones,* 82 N. C., 249."

The foregoing is well-settled law in his jurisdiction. We have heard the arguments of counsel and read carefully the record and briefs of the parties to the controversy, but on the whole record we do not think a binding contract was made between the litigants to this controversy.

The judgment of the court below is
Affirmed.