IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-492

No. COA21-565

Filed 19 July 2022

Wilson County, No. 20-CVS-1258

RALPH HODGE CONSTRUCTION COMPANY, Plaintiff,

v.

BRUNSWICK REGIONAL WATER & SEWER H2GO, Defendant.

Appeal by Plaintiff from order entered 24 June 2021 by Judge A. Graham Shirley in Wilson County Superior Court. Heard in the Court of Appeals 3 March 2022.

*William J. Wolf for the Plaintiff-Appellant.*

*Ward and Smith, P.A., by Amy H. Wooten and Donalt J. Eglinton, for the Defendant-Appellee.*

DILLON, Judge.

¶ 1        This case concerns whether the successful bidder on a government contract may recover its security deposit when it untimely withdraws its bid.

I. Background

¶ 2        Defendant is a government agency that solicited bids for the construction of a public water supply and treatment system. The procedure for bidding on public contract is found in N.C. Gen. Stat. § 143-129 (2020). Under this procedure, bidders

are required to submit a deposit, usually five percent (5%) of their bid. *See id.* § 143-129(b). Plaintiff bid on the project, depositing the required security deposit of $254,241.62, equal to 5% of its bid.

¶ 3     On 16 July 2020, the "opening of bids" for the project occurred. Plaintiff was the lowest bidder on the project by nearly $900,000. Subsequently, Plaintiff, requested to withdraw its bid and receive a refund of the deposit.

¶ 4     The procedure for withdrawing a bid is found in N.C. Gen. Stat. § 143-129.1, which states that a "request to withdraw must be made in writing . . . but not later than 72 hours after the opening of bids, or for a longer period as may be specified in the instructions to bidders provided prior to the opening of bids." N.C. Gen. Stat. § 143-129.1 (emphasis added). Plaintiff, though, did not make its request to withdraw its bid until 24 July 2020, *over a week* after the bids were opened.

¶ 5     Plaintiff requested a hearing regarding its request to withdraw its bid and for the return of its bid deposit. After a hearing on the matter, Defendant issued a written ruling denying Plaintiff's request to withdraw its bid, based in part on the untimeliness of the request.

¶ 6     Plaintiff commenced this action seeking a declaratory judgment as to the rights and legal obligations of the parties concerning its request to withdraw. Both parties moved for summary judgment. After a hearing on the matter, the trial court entered summary judgment in favor of Defendant.

¶ 7        Plaintiff timely appealed.

## II. Standard of Review

¶ 8        "Summary judgment is appropriate when 'there is no genuine issue as to any material fact' and 'any party is entitled to a judgment as a matter of law.' " *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citing N.C. Gen. Stat. § 1A-1, Rule 56(c)).  Our Court reviews the trial court's order allowing summary judgment *de novo*.  *Id.* at 88, 637 S.E.2d at 530.

## III. Analysis

¶ 9        Plaintiff initially sought the protections provided by Section 143-129.1, which allows a bidder in certain circumstances to withdraw its bid after the bids have been opened without forfeiting its deposit.  Judge Shirley, though, affirmed in his summary judgment order the decision of Defendant that Plaintiff's deposit was forfeited.  On appeal, Plaintiff additionally argues that neither Defendant nor Judge Shirley had jurisdiction to consider the matter at all, since Plaintiff failed to make its request within 72 hours after the bids were opened.  For the reasoning below, we conclude that Judge Shirley ruled correctly and affirm his summary judgment order.

¶ 10        In 1933, our General Assembly enacted Section 143-129 to require certain public contracts to be open to bidding.  Our Supreme Court has stated the purpose of Section 143-129

is to prevent favoritism, corruption, fraud, and imposition in the awarding of public contracts by giving notice to prospective bidders and thus assuring competition which in turn guarantees fair play and reasonable prices in contracts involving the expenditure of a substantial amount of public money.

*Mullen v. Louisburg*, 225 N.C. 53, 58-59, 33 S.E.2d 484, 487 (1945). To ensure a competitive bidding process, our General Assembly also required that [n]o contract to which G.S. 143-129 applies . . . shall be awarded . . . unless at least three competitive bids have been received[.]" N.C. Gen. Stat. § 143-132.

¶ 11      Section 143-129 provides that a bid cannot be submitted unless it meets certain requirements. Under the statute, bids must be accompanied by a deposit (or bond) equal to 5% of the bid amount, sealed when made, and opened together at a specified time and place. That same section also contemplates that the entity who sought the bids will review all bids at some point after they are opened and "shall award the contract to the lowest *responsible* bidder or bidders." *Id.* at § 143-129(b) (emphasis added).      That is, the lowest bidder is not necessarily entitled to an award of the contract, as the entity may take into consideration "quality, performance and the time specified in the proposals for the performance of the contract." *Id.* Section 143-129(b) provides that the successful bidder forfeits its 5% deposit if it "fails to execute the contract within 10 days after the award[.]" All unsuccessful bidders receive a refund of their deposit.

¶ 12        Any bidder has typically been allowed to withdraw its bid *prior to* the opening

of the sealed bids without forfeiting its deposit.  Prior to 1977, bidders could withdraw

their bid *after* the opening of the bids *unless* the request for bids by the public agency

included a provision to the contrary.  *Compare Elliott Bldg. v. Greensboro*, 190 N.C.

501, 130 S.E.200 (1925) ("This is an action at law to recover the money deposited, and

after acceptance this cannot be done.") *with Muirhead v. Durham,* 1 N.C. App. 181,

160 S.E.2d 542 (1968) (invitation for bids provided that "no bid shall be withdrawn

for a period of thirty days subsequent to the opening of bids").

¶ 13        However, in 1977, our General Assembly created a statutory right for a bidder

to withdraw its bid without forfeiting its deposit in narrow circumstances, by enacting

N.C. Gen. Stat. § 143-129.1.

¶ 14        On appeal, Plaintiff suggests that it was not entitled to withdraw its bid at all

after three days; that, therefore, neither Defendant nor the trial court could treat its

bid as withdrawn; and that since Defendant did not award the contract to Plaintiff,

Plaintiff was entitled to a refund of its deposit as a non-winning bidder under Section

143-129.  We disagree.

¶ 15        Based on the language in Section 143-129.1, we conclude that a bidder may

still withdraw its bid from consideration after the 72-hour period and prior to the

award of the contract *but that* said bidder forfeits its deposit, even if it could be shown

that the bidder would not have been the successful bidder.  Forfeiture of its deposit

is the price the bidder pays for being allowed to remove its bid from consideration. That is, the deposit of a withdrawing bidder is forfeited *unless* the bidder meets the requirements of Section 143-129.1.

¶ 16     The first sentence of Section 143-129.1 assumes the general rule to be that a bidder withdrawing its bid after the bids are opened but prior to the awarding of the contract forfeits its deposit. However, the Section provides an exception to that rule:

> A public agency may allow a bidder submitting a bid pursuant to G.S. 143-129 . . . to withdraw his bid from consideration after the bid opening without forfeiture of his bid security *if* . . . .

N.C. Gen. Stat. § 143-129.1.

¶ 17     Section 143-129.1 establishes a procedure by which a bidder can seek a withdrawal of its bid without forfeiting its deposit, but states that a denial by the agency (and reviewing court) to this relief "shall have the same effect as if an award had been made to the bidder and a refusal by the bidder to accept had been made[.]" That is, under the plain language of the statute, it is not a defense to the forfeiture that the bidder would not have been the successful bidder. Rather, the language of the statute suggests that a bidder loses its deposit if it withdraws its bid from consideration by the public agency when the agency reviews all bids. Section 143-129.1 expressly states that "[i]f it is finally determined that the bidder did not have

the right to withdraw his bid pursuant to the provisions of this section, the bidder's security shall be forfeited."

¶ 18 We do not agree with Plaintiff's interpretation that the statutory language prevents a bidder from withdrawing its bid before acceptance after 72 hours of the opening of the bids. Rather, the language simply suggests that said bidder cannot avail itself of the new statutory right to a refund of the deposit where the withdrawal is not requested within the 72-hour period. There is nothing in the language of Section 143-129.1 which prevents an agency to hold a hearing on a request to withdraw even if made after the 72-hour deadline to consider the request. Indeed, the Section states that "[i]f a bidder files a request to withdraw his bid, the agency shall promptly hold a hearing thereon[.]"

## IV. Conclusion

¶ 19 Plaintiff was allowed to withdraw its bid after the opening of the bids but before the contract had been awarded. Plaintiff chose to exercise its right to withdraw its bid and not have its bid considered. However, since the evidence conclusively establishes that Plaintiff's withdrawal did not comply with the requirements of Section 143-129.1, we hold Judge Shirley correctly ruled, as a matter of law, that Defendant was entitled to summary judgment.

AFFIRMED.

Judges HAMPSON and WOOD concur.