## MISSELHORN *v.* MUTUAL RESERVE FUND LIFE ASS'N.

### (*Circuit Court, E. D. Missouri, E. D.*  April 5, 1887.)

**1. INSURANCE—LIFE—DEATH OF APPLICANT BEFORE POLICY ISSUED.**
> Where an application for life insurance, and the policy issued thereon, both provided that the policy should not be in force until "signed by the officers of the association, and delivered to the applicant," and the policy was made out after the applicant's death, and, in ignorance thereof, delivered at the place where he had resided, *held,* that it was void.

**2. SAME—DELAY IN ACTING UPON APPLICATION.**
> In such cases unreasonable delay in acting upon the application does not operate to bind the company to whom the application is made, as insurer.

In Equity.  Demurrer to bill.

*George W. Taussig,* for plaintiff.

*Wm. C. & James C. Jones,* for defendant.

BREWER, J., (*orally.*)  This is a suit on a policy of insurance.  The application and the policy each contained this stipulation "that this policy is not to be in force until it has been signed by the officers of the association and delivered to the applicant."  The application was made in November, and the examination before the physician had on December 4th.  Through some delay, the application did not reach New York city until December 18th.  It was examined and approved December 21st, and on December 22d the policy was prepared and sent to St. Louis, reaching here on the 25th, and then, by messenger, it was sent to the place where the applicant had resided.  On the 21st, the very day the application was acted upon in New York city, the applicant died suddenly; so that at the time the policy was prepared, and long before it was received in this city or delivered, the applicant for insurance was dead.  By the terms of both the application and the policy, it never became an operative contract.  The case comes within the rule laid down in a suit decided by me last fall against this same insurance company. *Kohen* v. *Life Ass'n,* 28 Fed. Rep. 705.

The plaintiff, however, insists that there was delay—culpable delay—on the part of the insurance company in acting upon the application. The application and examination were completed, as I stated, on December 4th.  For some reason the application did not reach New York city until December 18th.  Concede that there was unreasonable delay, and yet I do not see how any delay makes a contract in the face of the stipu-

lation. If the applicant was dissatisfied, and the delay unreasonable, he could have recovered the money which he had paid.

While receipt of the application may cast a moral duty upon the company to act promptly, yet delay does not operate in the same way as an acceptance of the application. Suppose the company had delayed acting for a year, could it be claimed that the policy was in force? The proposition which the applicant made was for a policy to become operative when the instrument was executed and delivered. No negligence, no delay, reasonable or unreasonable, on the part of the insurance company, could make a contract in face of the stipulation.

The decree will be entered for the defendant.