M. E. HAWLEY, Administratrix, v. THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY, Appellant.

**Delivery of Policy.** A. induced B. to apply for life insurance under agreement to advance the premium and take the policy as security for the advance. A. held a note against an agent who had authority to take applications, collect premiums, and deliver policies upon the payment of premiums. He arranged with this agent to procure said policy upon the life of B. and that the premium should be paid by an indorsement upon said note. A policy issued which contained a clause that no liability should arise, unless the premium was paid and the policy delivered in the lifetime of insured. It was delivered to said insurance agent. He sent it to a third person with instruction not to deliver it until the indorsement was made upon his note. The indorsement was made, and the policy delivered to A. after B. had died. *Held*, that there was neither a payment nor a delivery, and no liability upon the policy.

*Appeal from Wapello District Court.*—HON. E. L. BURTON, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION on a policy of life insurance. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*W. H. C. Jaques* for appellant.

*William McNett* and *J. W. Lewis* for appellee.

GRANGER, C. J.—The plaintiff is the administratrix of the estate of L. A. Stevens, deceased. L. A. Stevens, in his lifetime, had a policy for two thousand dollars in the defendant company, which was, by its terms, payable to one H. Moyer, and bearing date October 24, 1891. A. G. Edwards was the general agent of the defendant company. Edwards made a written agreement with one N. E. Sherwood, whereby Sherwood was to engage in the service and employ of Edwards as agent in the state of Nebraska "to procure applications for insurance; to collect, so far as practicable, when authorized so to do, all premiums payable on account of such insurance; and to deliver, upon such collections, the policies and renewal receipts sent by the party of the second part for that purpose." The application for the policy in suit was obtained on the immediate solicitation of Moyer, and sent by Moyer to Sherwood at Detroit, Michigan, and was by Sherwood sent to the office of the company, and the policy made out and returned through Sherwood to Moyer, and received by him on the twenty-eighth day of October, 1891, at Omaha, Nebraska; and the assured, L. A. Stevens, died at Ottumwa, Iowa, on the same day. A ground of defense to the action on the policy is that when Stevens died the policy had not been delivered and the premium paid, as required by the terms of the application and policy. Because of a clause in the policy, plaintiff concedes that "the company is not liable unless there was a delivery of the policy and a payment of the premium within the lifetime of the

assured, and while he was yet in good health." The
following are important facts as to the application and
the delivery of the policy: Moyer held the note of N.
E. Sherwood and one Hodson for three hundred dol-
lars. Sherwood and Moyer agreed that Moyer should
secure an application for a policy, the premium on
which would be fifty-nine dollars and eighty cents; that
the premium should be paid by an indorsement on the
Moyer note for that amount; and that the policy should
be made payable to Moyer, to secure him for the
amount of the premium thus advanced to Stevens.
Moyer, in accord with this understanding, secured the
application. The application is dated October 6, 1891,
and signed by Stevens and Moyer, the latter being
designated as "party in whose favor the policy is to be
drawn." The application is approved and recom-
mended by "N. E. Sherwood, agent." When the
policy was returned to Sherwood, at Detroit, he inclosed
it to his father, E. Sherwood, at Omaha, with instruc-
tions not to deliver it to Moyer until the fifty-nine dol-
lars and eighty cents was indorsed on the note, and the
instruction to E. Sherwood was observed. The jury
made the following special finding: "At the time Dr.
Sherwood first handed the policy sued upon to Her-
man Moyer, do you find that Lewis A. Stevens was
dead or alive? *Answer.* Dead." The following is a
clause of the policy: "It is hereby agreed that the
policy shall not be in force unless the premium is
actually paid to the company, or its authorized agent,
or a note given and accepted in the place of such pay-
ment, during the lifetime of the person whose life is
insured, and the policy is actually delivered to the per-
son for whose benefit is the insurance, during such life-
time." Because of this clause, appellee conceded that
the company is not liable, under the terms of the
policy, "unless there was a delivery of the policy and
a payment of the premium within the lifetime of the

assured.'' The jury also specially found that Dr. E. Sherwood made the indorsement on the note, and gave the policy to Moyer, "October 28, 10 A. M., 1891.''

After verdict the defendant moved for judgment in its favor on the special findings, which the court overruled, and the ruling is assigned as error. It would seem from the finding and concessions by appellee that the motion should have been sustained. Appellee, however, insists that the condition of the record is such that the jury could have found both a delivery of the policy and a payment of the premium. Some additional facts are important in this connection. Sherwood, as agent under his contract with Edwards, had resided at Omaha, Nebraska, but before the application in question was taken he had moved to Detroit. Moyer was in Sherwood's office at Omaha, and it is contended by appellee that when the application was taken he was still doing the work of Sherwood's office, and was an agent for the company. It is then urged that Stevens, in giving his application, had no part or concern in the arrangement by which the premium was to be paid by the indorsement on the note, but that his understanding was that he borrowed the money of Moyer to pay the premium, and hence that, with the money in Moyer's hands, there was a payment. Then, upon the question of the delivery of the policy, it is urged that because of the agreement between N. E. Sherwood and Moyer, by which the premium was to be paid by the application on the note, and the money was loaned by Moyer to Stevens, and held by Moyer as a fund for the payment of the premium, when the company approved the application and sent the policy to N. E. Sherwood it was a delivery of the policy. Neither of these positions can be sustained, and, unless both can be, the motion for judgment should not have been overruled. As to the payment, it seems to us that it is hardly a doubtful question. Appellee con-

ceded that Moyer never passed the money to Stevens, and the most favorable conclusion is that they agreed that Moyer would furnish the money and pay the premium, and take the policy payable to himself as his interest might appear. It is said that it would have been an idle form to have passed the money to Stevens to have been handed back. In many respects that would be true, and for many purposes, especially as between Stevens and Moyer, a liberal rule, to meet their understanding, might be applied. But, if the money never passed to Stevens, nor to others for him, there was never a loan, but only an unexecuted agreement. It may be conceded that Moyer said, "I will loan you the money for the premium, and I will pay it to the company for you, or I will loan you the money for the premium, and you may regard the premium as paid;" but if the money was never paid to Stevens nor to the company there was never a loan, and a quite satisfactory test of the question is, is there anything on which Moyer could base an action against Stevens? Certainly not, because Stevens never directly nor indirectly received anything from Moyer, nor did Moyer ever part with anything for Stevens. Then what could be said of the transaction between Moyer and Stevens? This only: that Moyer agreed to furnish the money and pay the premiums. In doing that, Moyer did not act for the company, but for Stevens. It is not, and we think it would not be, claimed that the company would be bound by its agent's agreement to pay the premium for its policy holders. The record shows that there is no proof that the company had any knowledge of the agreement for the payment of the premium by the indorsement on the note. There was, then, no payment by Stevens. He simply arranged for Moyer to pay for him, and Moyer did not do it.

II. It is also very apparent that there was not a delivery of the policy before Stevens' death. It is true that it came into the hands of Sherwood, and was

sent by him to his father for delivery, before the death, but the special finding above shows that it was handed to Moyer after the death. Nothing in the record, in any way, indicates that either Stevens or the company understood that Sherwood was the agent, or in any way acted, for either Stevens or Moyer, but, in so far as they had information, he was the agent for the company only. Moyer, it is true, knew of his arrangement with Sherwood by which the premium was to be paid by the indorsement on the note, but, at the same time, Moyer knew of Sherwood's relation to the company, and dealt with him, not as his or Stevens' agent, but as the agent of the company. Whatever may have been the relation between Sherwood and Moyer, or the company and Moyer, in other respects, it is not to be said that Moyer was the agent of either in this transaction. He was, as has been said, an applicant for the policy with Stevens. This fact was known to the company and to Sherwood. Sherwood, in sending the policy to his father for delivery, directed that it was not to be deliverd to Moyer until the indorsement was made on the note. Both the company and Sherwood dealt with Moyer as an applicant, but neither Moyer nor Stevens dealt with Sherwood as his agent.

The undisputed facts and the special findings by the jury are such that the defendant was entitled to a judgment, and the motion for that purpose should have been sustained.  REVERSED.