# RESERVE LOAN LIFE INSURANCE COMPANY
## *v.* HOCKETT.

[No. 4,692. Filed March 14, 1905.]

1. TRIAL.—*Conclusions of Law.—Exception.—Effect of.*—An exception to the conclusions of law admits, for the purposes of the exception, that the facts are correctly found, but it does not prevent the exceptor from controverting the facts by a motion for a new trial. p. 90.

2. INSURANCE.—*Life Policies.—Execution.*—Policies of life insurance signed by the company and mailed to assured on April 9, on assured's application of April 5, are void where assured died on April 8, even though such policies were dated April 5, and though assured had paid therefor, the application and policies showing that such insurance should not be effective until the policies were delivered to assured in good health. p. 90.

3. INSURANCE. — *Premium Receipt.* — *Recitals.* — A premium receipt, given to assured on April 5, stating that such advance payment shall not create any liability against the company until a policy is issued on assured's application, does not make valid policies issued on April 9 and dated as of April 5, where assured died April 8.   p. 94.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Maria Hockett against the Reserve Loan Life Insurance Company.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*Guilford A. Deitch* and *William A. Ketcham,* for appellant.

*Kittinger & Diven* and *Ellison & Ellis,* for appellee.

ROBINSON, P. J.—Appellee's motion to dismiss this appeal was postponed until final hearing.   The record shows by an order-book entry that the bill of exceptions was filed on September 15, 1902, and it sufficiently appears that the bill had been signed by the judge before it was filed.

1.   A party who excepts to the conclusions of law admits, for the purposes of his exceptions, that the facts are correctly found; but such exceptions do not conclude him from controverting the facts in the finding by a motion for a new trial.   The same reasoning that gives him this right gives him the right to controvert the facts stated in a pleading, the truth of which he has admitted by a demurrer.   The motion to dismiss is overruled.   *Robinson* v. *Snyder* (1881), 74 Ind. 110; *Gray* v. *Taylor* (1891), 2 Ind. App. 155.

2.   This was an action by appellee upon two alleged contracts of life insurance.   The policies were issued by appellant upon the life of Harry G. Hockett, and payable to appellee.   Appellant resisted payment on the ground that the policies never took effect during the lifetime of the insured.   Upon a special finding of facts the court stated conclusions of law in appellee's favor, and rendered judgment accordingly.   On April 5, 1900, Hockett signed an

application to appellant, in writing and print, for two policies of insurance on his life. In the application it is stipulated that "the policy issued hereon shall not take effect unless the first premium is paid in cash, or a note for extension of time for such payment is accepted by the company at its home office at Indianapolis, Indiana; nor unless such policy is delivered to me while I am in good health." Each policy contains the provision that "this policy shall not take effect unless the first premium is paid in cash; or a note for extension of time for such payment is accepted by the company at its home office in Indianapolis, Indiana; nor unless the insured is in good health at the time of its delivery to him." The policies make the application a part of the contract.

The application, consisting in its entirety of the part above mentioned, together with certain questions submitted to the applicant with his answers thereto, and certain questions with answers by the examining physician, was received at the home office of the appellant on Saturday afternoon, April 7, 1900, and was referred to appellant's medical director and by him marked "rejected". On Monday, April 9, 1900, the application was submitted to appellant's secretary—who passed on applications for acceptance where they had been rejected—who overruled the decision of the medical director and ordered the application approved, and afterwards, on the same day, the policies were prepared, dated April 5, 1900, duly signed, and put in the mail at about 5:30 p. m. The policies were received by appellee on the day following. The applicant died on Sunday, April 8, 1900. The annual premium on each policy was $66.73. At the time the application was made on April 5, 1900, Hockett executed to appellant his note for $333.65, payable at a bank in this State five years after date, the same being for five annual premiums, and also paid the soliciting agent $83.41 in cash, taking a receipt which contained the provision: "If this receipt be given for any payment in ad-

vance upon a policy applied for, it shall not create any liability on the said company until the application for said policy shall have been received by the said company at its home office in Indianapolis, Indiana, approved by the secretary of said company and a policy issued thereon." The note and money, less the soliciting agent's commission, were delivered by him to the company April 7, 1900. On April 12, 1900, a firm of attorneys, representing the estate of the insured and the beneficiary, notified appellant of Hockett's death, and asked for blanks for proof of death. Appellant replied to this letter April 16, 1900, denying liability under the policies, on the ground that the policies were never in effect, and returned the cash premium and note. On April 25, 1900, the attorneys notified appellant that the beneficiary refused to accept the money and note.

The material facts in this case are undisputed. The application was made and premiums paid April 5, 1900; the application received at the home office April 7, 1900, was approved, and the policies issued and put in the mail April 9, 1900. The applicant died April 8, 1900. We find no evidence in the record that the application was received and approved by appellant on April 7, 1900. Nor do the facts and circumstances disclosed warrant the conclusion that it was then approved. Even if there are circumstances that tend to contradict the evidence that the application was rejected on April 7, it is not shown that it was in fact approved by any officer of appellant on that day. However, even if it could be said that the application was approved on April 7, a conclusion we think unauthorized, can it be said that the approval of the application changed the force of the stipulation contained in the application, and the policies? We think not. When the decedent, in his application, made a proposal to become insured, he stated that a certain cash instalment had been paid to make the insurance binding upon the company from the date of the delivery of the policies; and he agreed that the policies

issued on the application should not take effect unless the premiums were paid, nor unless the policies were delivered to him while he was in good health. Upon compliance with these conditions precedent the contract of insurance was to take effect. The first was complied with—the premiums were paid. The second—as indispensable to the taking effect of the policies as the first—was never complied with, ·and could never be complied with, because the life of the applicant sought to be insured had ended before the policies were written and issued. It is not a question of the proper construction to be given a doubtful or ambiguous provision in a policy. The parties had the right to contract out of their negotiations any uncertainty that might arise as to when the risk should attach and the insurance become binding upon the company. This they did. While negotiations for insurance were commenced when the application was signed and the premiums paid on April 5, yet no contract was then made, nor was it the purpose to contract afterwards in any manner other than by policies issued by the company and delivered to the applicant. The contract was not made, in any event, before April 9, and at that time one party to the contract was dead, and the subject-matter of the contract—the life regarding which the contract was made—did not exist. The death of Hockett on April 8 rendered the making of the proposed contract of insurance impossible. The fact that the policies, when issued on April 9, were dated back as of the date of the application, April 5, is not controlling. No contract of insurance was made prior to April 8, and after that date no contract could be made that would be effective from any date. See *Roblee* v. *Masonic Life Assn., etc.* (1902), 77 N. Y. Supp. 1098; *McClave* v. *Mutual Reserve, etc., Assn.* (1893), 55 N. J. L. 187, 26 Atl. 78; *Paine* v. *Pacific Mut. Life Ins. Co.* (1892), 51 Fed. 689, 2 C. C. A. 459; *Hawley* v. *Michigan Mut. Life Ins. Co.* (1894), 92 Iowa 593, 61 N. W. 201; *McMaster* v. *New York Life Ins. Co.* (1899), 99 Fed. 856,

40 C. C. A. 119; *Kohen* v. *Mutual Reserve, etc., Assn.* (1886), 28 Fed. 705; *Coker* v. *Atlas Accident Ins. Co.* (1895), (Tex. Civ. App.), 31 S. W. 703; *Rossiter* v. *Aetna Life Ins. Co.* (1895), 91 Wis. 121, 64 N. W. 876; *Alabama Gold Life Ins. Co.* v. *Mayes* (1878), 61 Ala. 163; *Connecticut Mut. Life Ins. Co.* v. *Rudolph* (1876), 45 Tex. 454; *Marks* v. *Hope Mut. Life Ins. Co.* (1875), 117 Mass. 528; *Rogers* v. *Charter Oak Life Ins. Co.* (1874), 41 Conn. 97; *Union Cent. Life Ins. Co.* v. *Pauly* (1893), 8 Ind. App. 85.

3. It is unnecessary to determine whether the receipt given for the premium payments in any way contradicts or affects the provision in the application and policies relating to the delivery of the policies, for the reason that the receipt states that there should be no liability until the policies were issued, and the court finds that the policies were not issued until April 9.

From the facts set out in the special finding it appears that as there was no contract for insurance between the decedent and the appellant company there is no liability upon the policies upon which the action is based. A conclusion of law should have been stated in appellant's favor.

Judgment reversed, with instructions to restate the conclusions of law.