This action was brought to recover the amount of a policy issued by the defendant to the plaintiff, upon a steamboat. The ship was destroyed by fire, and the company denied its liability, both before and after the suit was brought, for the reason that the husband of the feme
plaintiff had caused the boat to be burned in order to secure the (207) insurance. The following issues were submitted to the jury:
1. Was the feme plaintiff the owner of the steamer Isabelle, described in the pleadings, at the time of her destruction by fire, as alleged in the complaint? Answer: Yes.
2. Did the plaintiff furnish and forward to the defendant proofs of loss of said steamer Isabelle within sixty days after the fire which destroyed the same, in accordance with the provisions of the policy set out in the pleadings? Answer: No.
3. Was this action instituted within sixty days after the furnishing of said proofs of loss, if any such were furnished, as provided for in said policy? Answer: No. *Page 200 
4. Prior to the institution of this action, did the plaintiff tender to or demand of the defendant the submission of the loss, and an ascertainment thereof to arbitration and appraisal, as is provided in said policy? Answer: No.
5. Has the plaintiff complied with the said terms of the policy as conditions of her right to maintain this action? Answer: No.
6. Did the defendant, by its acts and declarations, made and done prior to the institution of this action, waive the duty of the plaintiff to comply with the conditions mentioned in issues numbered 2,3,4 and 5? Answer: Yes.
7. Did the defendant, by its acts and declarations and the denials of liability, as set out in the answer verified and filed by it in this cause, waive the duty of the plaintiff to comply with the conditions mentioned in issues numbered 2, 3, 4, and 5? Answer: Yes.
8. In what amount is the defendant company indebted to the plaintiff by reason of the execution of the policy of insurance referred to in the complaint and answer, and the subsequent burning and loss of the said steamer Isabelle? Answer: $1,500, with interest from the date of this action.
It will be observed that the defendant did not tender any issue as to the very serious charge made against the plaintiff's husband, even if an affirmative finding upon such an issue would have acquitted the defendant company of liability, without any allegation and finding by the jury of collusion on her part. The sole question presented is whether the failure to give notice of the loss and to file proofs of the same are sufficient to defeat the plaintiff's recovery. The pleadings and the findings of the jury, under a very fair, impartial and clear-cut charge from Judge Guion, shows conclusively that this cannot be so, if we are to be guided by the established principles of the law in such cases. The defendant does not come before this Court in a way (208) which entitles it to a favorable consideration of the case in its behalf. Insurance companies should deal honestly and fairly with their patrons, and after they have received the premiums upon the risk undertaken by them, they should not attempt to avoid their responsibility by merely technical defenses, especially when those defenses are absolutely without any substantial merit. Their right to the trust and confidence of the public is necessarily based upon the public confidence in them. If they ask the public to trust them, they must, at least, not show themselves unworthy of this confidence. We must not be understood as condemning the general principle of insurance, as founded upon a false and unsafe confidence, but we do say that the integrity of the company which insures, and upon the faith of which it obtains the patronage of the public, should be sacredly maintained, *Page 201 
otherwise insurance is but a "game of chance," depending for its value to the insured upon the honesty and good management of individuals. We will always hold them to their contract as written in their policies, without adhering too much to the letter, but looking to the substance of their undertaking.
Let us apply these general observations to the facts of this case. It must be conceded that the only defense which the insurance company pleads relates to the failure of the plaintiff, the insured, to file a notice and proof of loss; and yet prior to the bringing of the suit, and by its answer, too, the insurance company denied outright its liability, upon the ground that the husband of the feme plaintiff had burned the boat — in other words, had committed an outrageous act of incendiarism. If this invalidated the policy, so that the plaintiff cannot recover upon it, why did not the defendant rely upon it and ask the jury, under instruction from the court, to pass upon an allegation which it deemed so vital in this litigation? But it did not, and preferred to rest its defense upon a technical failure to comply with certain provisions of the policy which did not at all affect the liability of the company, but related altogether to the measure of damages — the quantum of the plaintiff's recovery.
At this stage of the case the defendant is met and his objection answered by Gerringer v. Ins. Co., 133 N.C. 407, wherein the Court, quoting from May on Insurance (4 Ed.), sec. 469, thus states the law: "'A distinct denial of liability and refusal to pay, on the ground that there is no contract, or that there is no liability, is a waiver of the condition requiring proofs of loss. It is equivalent to a declaration that they will not pay, though the proofs be furnished; and to require the presentation of proofs in such case, when it can be of no importance to either party, and the conduct of the party in whose (209) favor the stipulation is made has rendered it practically superfluous, is but an idle formality, the observance of which the law will not require.' The Supreme Court of the United States, in Ins. Co. v.Pendleton, 112 U.S. 696, uses the following language: `The plaintiffs in error further contend that the charge was erroneous in holding that no formal proof of the death of S. H. Pendleton was necessary in this case. On this point the charge was as follows: "As to the proof of loss not being filed, it is conceded that notice of the death was given. If, when that was done, the agents of the company repudiated all liability and informed the parties that the policy had lapsed, then no proof of loss was required by them, and the failure to file them cannot alter the case. " We think that there was no error in this instruction. The weight of authority is in favor of the rule that a distinct denial of liability and refusal to pay, on the ground that there is no contract or that *Page 202 
there is no liability, is a waiver of the condition requiring proof of loss or death. It is equivalent to a declaration that they will not pay, though the proof be furnished.' Mr. Justice Bradley further says that, `The preliminary proof of loss or death required by a policy is intended for the security of the insurers in paying the amount insured. If they refuse to pay at all, and base their refusal upon some distinct ground, without reference to the want or defect of the preliminary proof, the occasion for it ceases and will be deemed to be waived. And this can work no prejudice to the insurers, for in an action on the policy, the plaintiff would be obliged to prove the death of the person whose life was insured, whether the preliminary proofs were exhibited or not.'" The Court says, in Gerringer's case, that the clause in the policy requiring proofs of loss to be filed with the company, and forbidding the bringing of any suit upon the policy until sixty days have elapsed after the filing of the proofs, is a continuing one. It does not mean that a failure to file proofs within sixty days after the occurrence of the fire works a forfeiture of the policy. We say now that such an interpretation of the policy would clearly be against the letter and spirit of the contract, and certainly unjust. The true intent of the parties was, as decided in the case cited, that no suit should be brought until sixty days have elapsed after the filing of the proofs. There are no words of forfeiture annexed to the failure to file proofs of loss. The policy was written by the defendant, and will be construed most strongly against it. If it intended that the plaintiff should lose her insurance (210) by failing to file proofs of her loss, it should have said so in plain and unambiguous language. Having failed to do so, we must construe the contract as we find it expressed in the words chosen by the defendant. The case of Gerringer v. Ins. Co., is sustained by the great weight of authority. The authorities cited in the opinion of the Court are all-sufficient to support the conclusion we then reached in regard to the question under consideration. We merely add the following: Ins. Co. v. Edmundson, 104 Va. 486; Debbrell v. Ins. Co.,110 N.C. 193; Strauss v. Ins. Co., 122 N.C. 64; 19 Cyc., p. 858. sec. B., and cases cited in note 7.
The promise as to arbitration refers only to the ascertainment of the amount of the loss, and falls easily and naturally within the general principle we have stated with reference to the proof of loss. 19 Cyc., 857, sec. 2, note 83; Jordan v. Ins. Co., 151 N.C. 341.
We have carefully examined the exceptions to the evidence and find no real merit in any one of them. It would unnecessarily prolong this opinion to consider them, one by one. We may remark, though, that as the defendant denied the plaintiff's ownership of the boat, it was surely competent to show her title by the bill of sale. Why not? *Page 203 
The other exceptions to the testimony relate to the defendant's denial of liability before this suit was brought. If the agent sent by the company to adjust and settle the loss denied all liability of the company upon the policy, out and out, why was the plaintiff not compelled to prove it? The testimony to show this fact was brought before the court in a competent way, and the fact itself was relevant to the issues evolved from the pleadings.
The motion to nonsuit was, of course, properly overruled. The defendant will not be permitted to "blow hot and cold." It must be fair with the plaintiff and choose upon what plea it will rely. It may set up inconsistent pleas, but this does not mean that it can succeed in the case as to both pleas, when one of its defenses necessarily destroys the other.
We find in the trial of the cause
No error.
Cited: Millinery Co. v. Ins. Co., 160 N.C. 135; Lowe v. Fidelity Co.,170 N.C. 446; Moore v. Accident Assurance Co., 173 N.C. 541.
(211)