KATE L. HEILIG v. NATIONAL LIFE INSURANCE COMPANY.

(Filed 16 April, 1913.)

1. Insurance, Life—Valid Provisions—Suicide.

A provision in a life insurance policy declaring suicide of the insured within twelve months of its date an excepted risk, is valid.

2. Same—Application—Statements—Policy Contracts.

Where attached to a life insurance policy sued on is a paper-writing, over the signature of the insured, purporting to be the original application for the insurance, which states "that (among other things) if within one year from date of the policy I shall suicide or destroy myself, sane or insane, the policy hereby applied for shall be null and void"; and this application is made a part of the policy by express provision upon the face of the policy, it is *Held*, that the statement is a part of the application, and the application is a part of the contract of insurance, binding upon the beneficiaries thereunder.

APPEAL by plaintiff from *Whedbee, J.,* at February Term, 1913, of ROWAN.

*Jerome & Price and Craig & Craig for plaintiff.*
*T. C. Linn and Stahle Linn for defendant.*

PER CURIAM. The plaintiff seeks to recover upon a policy of insurance issued by the defendant on 26 April, 1910, alleging the death of the insured on or about 30 September, 1910. The defendant admitted the execution and delivery of the policy and the death of the insured, but denied liability, for that the insured had suicided or destroyed himself, while sane or insane, within twelve months after the issuance of the policy, in violation of the terms of the contract of insurance.

The plaintiff excepted to the submission of the issue as to suicide, upon the ground that the provision as to suicide is not properly made a part of the contract of insurance. The jury answered the issue as to suicide for the defendant, and, judgment having been entered accordingly, plaintiff excepted and appealed, the sole question presented to the Court being whether the provision as to suicide relied upon by the defendant is properly made a part of the contract of insurance.

The policy contains the following provisions:

"(*a*) CONSIDERATION.—This policy is issued in consideration of the application therefor and a premium of two hundred ninety-four and 14-100 dollars.

"(*b*) POLICY THE ENTIRE CONTRACT.—This policy and its application, which is made a part hereof, and a copy of which is hereon indorsed, together with general provisions contained on the reverse of this paper, which are hereby made a part of this policy as fully as if they were recited at length over the signatures hereunto affixed, constitute the entire contract between the parties."

The original application, which is made a part of the policy, and which is indorsed in its entirety thereon, consists of two attached paper-writings.

The first sheet, designated as "Application Form A," contains the formal words of application, stating the character of policy applied for, the premium, age of applicant, name and relationship of the beneficiary, date and place of application, and concludes:

"I hereby agree that this application and the answers made to the medical examiner and the policy applied for shall constitute the entire contract between the parties hereto. Signature of applicant: L. E. Heilig. P. O. address: Salisbury, N. C.

The second sheet, designated as "Application Form B," has the following caption: "Answers Made to the Medical Examiner. (In continuation of my application to the National Life Insurance Company, dated 19 April, 1910)," and concludes: "I hereby certify that I have read all the statements and answers in this application, and agree, on behalf of myself and any person who shall have or claim any interest in any contract issued hereunder, that no material circumstances or information have been withheld or omitted touching my past and present state of health and habits of life, and that the said statements and answers, together with this declaration, as well as those made to the company's medical examiner, are true and shall be the basis of the policy hereby applied for; that there shall be no contract of insurance until a policy shall have been issued and delivered to me and the premium thereon paid to

the company, or its authorized agent, during my lifetime and good health; *that if, within one year from the date of the policy, I shall suicide or destroy myself, sane or insane, the policy hereby applied for shall be null and void;* or if, etc. Signature of applicant: L. E. Heilig. Witnessed by examiner: W. W. McKenzie."

The validity of a provision declaring suicide an excepted risk within twelve months after the date of the policy has been uniformly sustained by the Court. *Spruill v. Insurance Co.,* 120 N. C., 147.

The statement as to suicide appears above the signature of the applicant, and on the same paper with the formal application, and in that statement he speaks of "this application," and twice refers to the policy "hereby applied for."

We are, therefore, of opinion that the statement is a part of the application, and that the application is a part of the contract of insurance.

The cases of *The Royal Circle v. Achterrath,* 204 Ill., 549, and *Goodwin v. Insurance Co.,* 97 Iowa, 226, chiefly relied on by the plaintiff, do not sustain the position that the statement as to suicide is no part of the application, but decide that a provision that the policy shall be void in the event of suicide yields to another provision in the policy that it shall be incontestable after a certain time.

No error.