### RIDINGER, Appellant, v. AMERICAN LIVE STOCK INSURANCE COMPANY, Respondent.

(201 N. W. 157.)

(File No. 5243.   Opinion filed December 13, 1924.)

1. **Insurance — Evidence — Evidence Showed Animal Insured Was Sick When Policy Delivered.**

   Evidence held to show that insured pedigreed bull was sick at time of delivery of policy, which expressly prevented policy from taking effect.

2. **Insurance—Verdict—Trial—Duty to Direct Verdict, Where Evidence Clearly Showed Insured Not Entitled to Verdict.**

   In action on policy on bull, evidence that bull was sick when policy was delivered held to call for verdict for defendant.

Appeal from Circuit Court, Brown County; Hon. W. F. Eddy, Acting Judge.

Action by Elmer Ridinger against the American Live Stock Insurance Company. From a judgment for defendant plaintiff appeals. Affirmed.

*Van Slyke & Agor,* of Aberdeen, for Appellant.

*McNulty & Campbell,* of Aberdeen, for Respondent.

Appellant cited: Germania Life Insurance Co. v. Hick, 17 N. E. 792; Roe v. Natl. Life Ins. Assn. 15 N. W. 500; 17 L. R. A. (N. S.) 1144; Weimer v. Economic Life Assn., 108 Iowa 451, 79 N. W. 123; Nelson v. Nederland Life Ins. Co., 110 Ia. 600, 81 N. W. 807; Stewart v. Equitable Mut. Life Assn., 110 Iowa 528, 81 N. W. 782; Peterson v. Des Moines Life Assn., 115 Iowa 668, 87 N. W. 397; Harding v. Norwich Union Fire Ins. Society, 10 S. D. 64, 71 N. W. 755; Vessey v. Com. Union Assurance Co., 18 S. D. 632, 101 N. W. 1074; Lyon v. Ins. Co., 6 Dak. 67; 50 N. W. 483; Phoenix Ins. Co. v. Hart, 36 N. E. 990; National Live Stock Ins. Co. v. Simmons, 11 N. E. 18; Follett v. U. S. Mutual Accident Assn. 12 L. R. A. 315, 12 S. E. 370.

Respondent cited: Joyce on Law of Insurance, Sec. 97a, 97b; Gallant v. Metropolitan Life Ins. Co., 167 Mass. 79, 44 N. E. 1073; Packard v. Ins. Co., 72 N. H. 1, 54 Atl. 287; Longstaff v.

Ins. Co., 69 N. J. 54, 54 Atl. 518; Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 74 N. E. 945; 13 C. J. 731; J. I. Case Threshing Machine Co. v. Loomis, 31 N. D. 27; 153 N. W. 479; Anders v. Life Ins. Clearing Co., 62 Neb. 585, 87 N. W. 331; Symms-Power Co. v. Kennedy, 33 S. D. 355, 146 N. W. 570; Brown v. Mutual Life Ins. Co., 20 S. D. 103, 104 N. W. 1040; Reese v. Fidelity Mutual, 11 Georgia 482, 36 S. E. 637; McClave' v. Mutual Reserve Fund Life Assn., 55 N. J. 187; 26 Atl. 78.

POLLEY, J. This action was brought against defendant, a livestock insurance company, on an insurance policy insuring the life of a pedigreed bull. The policy was issued upon a written application, which, by the terms of the policy, became a part of the contract between the insurer and the insured. The policy contains the following, among other clauses:

"It is specifically understood that the issuance of this policy is based on the assumption that each of said statements [in the application] is true and correct. * * * And no change in the statements, limitations, and conditions found in this policy shall be valid, unless made by indorsement hereon, signed by an official of the company; nor shall notice or knowledge possessed by any person be held to waive, alter, or extend any such agreement, condition or limitation; and it is agreed that this condition cannot in any manner be waived. * * * If there shall be any breach on the part of the assured of any promise, covenant, agreement, or representation on his part to be performed, or if the assured has concealed or misrepresented any fact or circumstance concerning this insurance, whether set forth in the application for this insurance, or in his policy, or both, there shall be no liability under this policy on the part of the company. * * * This policy shall not cover loss by death, from disease contracted or injury which occurred prior to its delivery to the assured. * * * In case of sickness or injury of any animal covered by this policy, the insured shall give immediate notice thereof by telegram to the home office of the American Livestock Insurance Company, Omaha, Neb., and the company shall not be liable for loss by death if the assured fails to give such notice."

And the said application contained the following provision:

"It is further agreed and understood that this company reserves the right to reject this application and that this insurance

shall not be in force or effect unless or until this application shall have been examined and approved by the American Live Stock Insurance Company, of Omaha, Neb., and the premium thereon paid and a policy actually in the possession of the assured while the anmal or animals are in good health and entirely free from all sickness or injury, and alive."

The bull died just a month after the delivery of the policy, and as a defense to the payment of the loss the defendant claimed that at the time of making the application, on the 8th day of June, 1921, and on the 25th day of June, the date when the policy was delivered and went into effect, the bull was ill of the disease of which he finally died, on the 26th day of July, 1921, and that such facts were well known by the plaintiff on said dates, but were unknown to defendant, and that, if said facts had been known to defendant, said policy would not have been issued or delivered. It is further alleged that the covenants and representations made by plaintiff and contained in the said application were false, and known to be false when made, and that such representations were made by plaintiff with the intent and for the purpose of defrauding defendant.

The case was tried to a jury. At the close of the testimony defendant moved for a directed verdict, on the grounds, among others, that the representations and warranties set out in the application were untrue and known by plaintiff to be untrue when made, and that the policy was secured by false and fraudulent representations; that the bull was sick and was taken to Aberdeen on the day after the delivery of the policy; that plaintiff failed and neglected to in any manner notify defendant of such sickness. This motion was granted, and from the judgment entered on such directed verdict, and from the order denying his motion for a new trial, plaintiff appeals.

The uncontroverted facts show that the bull was taken sick some time during the month of April, 1921; that a veterinarian was called, who treated the bull for some weeks. He was then hauled to Aberdeen, a distance of 28 miles, where he was kept under treatment by a second veterinarian until the 10th day of May, when he was pronounced cured and hauled back to plaintiff's farm. The veterinarian who treated the bull at Aberdeen was the local agent for the defendant company, and made out the applica-

tion for insurance on the 8th day of June, 1921. The policy was dated and went into effect on the 25th day of June, and on the following day the bull was taken back to Aberdeen for further treatment by the same veterinarian. He remained there until the 10th day of July, when he was taken home. From that date he gradually grew sicker and weaker until the 26th day of July, when he died.

[1] It is the claim of defendant, and the evidence on its behalf tends to show, that after the bull was taken sick in April he never recovered or was in good health, but continued to grow sicker and thinner and weaker until he died; and, based upon all the evidence in the record, and upon the admitted circumstances surrounding the case, this is not at all a violent assumption. But, conceding that the plaintiff's agent who took the application, and the plaintiff himself, believed when the application was signed that the bull had recovered to such an extent that he was an insurable risk on that date, no such assumption can be indulged in regard to his health at the time the policy went into effect. It is not claimed that the bull was taken sick on the 25th day of June after the policy went into effect, nor on the 26th day of June before he was sent to Aberdeen. Therefore the only inference is that the bull was known to be sick on and prior to the time the policy was to take effect, and for that reason it never did become effective. The veterinarian who had been attending the bull through May and June, and who took the application for insurance, testified that he could not have insured the bull on the 26th of June. Again, plaintiff failed to give defendant the notice provided for in the policy, after it is admitted that he knew the bull was sick.

[2] It is urged by appellant that all the material facts in the case were submitted on conflicting evidence, and that where the evidence is conflicting it is the duty of the court to submit the case to the jury. Ordinarily, of course, this is the rule, but, where it is clear, as it is in this case, that the evidence does not entitle the plaintiff to a verdict in any amount, then it is the duty of the court to direct a verdict for the defendant in the first instance, rather than to submit the case to the jury and then be obliged to set aside the verdict, in case it is for the plaintiff.

This disposes of the whole case, and it is not necessary to consider the other questions presented by the record.

The judgment and order appealed from are affirmed.

Note.—Reported in 201 N. W. 157. See, Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 665(3), Live stock insurance, 25 Cyc. 1521; (2) Insurance, Key-No. 668(6), 25 Cyc. 1522.

For authorities discussing the question as to effect of provision in animal insurance policy as to health of animal at the time policy attaches, see note in 44 L. R. A. (N. S.) 569.