J. W. McCAIN v. HARTFORD LIVE STOCK INSURANCE COMPANY.

(Filed 25 November, 1925.)

1. **Insurance—Contracts—Policies—Application.**

The statements, agreements and warranties in an application for insurance, are to be construed as a part of the policy thereafter issued, when it is so stated therein.

2. **Same—Live Stock—Health—Policy Stipulations.**

Construing a provision in a livestock policy of insurance that the animal must be in good health and entirely free from sickness or injury, and not to be considered as in force until countersigned by the general agent of insurer: *Held,* a policy not so countersigned or delivered until after the death of the insured animal was unenforcible.

3. **Contracts—Agreement—Insurance—Policies.**

Where the general agent of the insurer rightfully declines to recognize the validity of a livestock policy of insurance, countersigned and delivered after the death of the animal insured, and returns the premium paid by the insured to him, the policy sued on is invalid upon the ground that the minds of the parties had not agreed or come together so as to make a binding contract.

**4. Same—Interpretation.**

> Where the written contract is clearly expressed without ambiguity, its language will control, leaving nothing for interpretation under the rules otherwise applicable in case of ambiguity.

**5. Same.**

> A written contract is the expression of the agreement of the minds of the parties, and not what either party erroneously thought it was.

**6. Same—Ambiguity.**

> In case of ambiguity in the words of a written contract, reasonable doubts are resolved against the one who has prepared it.

Appeal by plaintiff from Union Superior Court. *Bryson, J.*

From a judgment of nonsuit plaintiff appeals. Affirmed.

This action was instituted in the court of a justice of the peace to recover $100 on account of the death of a mule alleged to have been insured by defendant. The defendant entered a general denial.

The evidence for plaintiff tended to show that plaintiff received by mail a policy of insurance. This policy describes one mare mule named "Kit," 3 years old, used for farming, valued at $100.

The policy states that "it does hereby insure J. W. McCain, of Waxhaw, North Carolina, from 28 July, 1924, at noon" and it is recited also that this is done "in consideration of the statements, agreements, and warranties contained in the application, or applications, upon which this policy is based, and which are hereby referred to and made a part of this contract."

That the mule was on plaintiff's farm near Waxhaw, in the charge of Azariah Clifton, plaintiff's tenant. The mule died during the morning of 29 July; that plaintiff had not then received the policy, but that it reached him by mail on the morning of 31 July; that plaintiff immediately sent check for premium, giving notice of the death of the mule; that plaintiff was local agent of defendant, and that defendant had a State agent at High Point. The letter returning plaintiff's check says: "In view of the fact that this policy was written in this office on 28 July, it could not have possibly been delivered by the time this mule died. You are advised that the company can admit of no liability whatsoever. We will consider that no insurance has been in effect at all and the entire premium will be returned," with a request for return of the policy.

Plaintiff refused to return the policy, advising that he considered his claim legal and would contend for it. Plaintiff's checks covering premium on this policy were all returned to him. There was no "binder" given; no agent had the right to write a "binder." Plaintiff admitted that his application contained the following: "It is agreed that this insurance

shall not be in force or effect until and unless this application shall be accepted and favorably passed upon by the above-named insurance company, policy of insurance issued by said company and the premium paid thereon, and policy delivered to me while the animal or animals covered by said policy is in good health and entirely free from sickness or injury."

The application for policy was received by defendant 26 July, 1924. The policy provides that it shall "not be binding until countersigned by the general agent or other duly authorized representative of the company at High Point, North Carolina." It was countersigned by Mendenhall, agent at High Point, N. C., on 30 July, 1924.

*H. B. Adams for plaintiff.*
*Myers & Snerly and John C. Sikes for defendant.*

Varser, J. The defendant submits several contentions that the judgment of nonsuit is correct. We need only consider one of these, to wit, the provision in the contract that the policy does not cover animals not in good health and entirely free from sickness or injury when the policy is delivered to plaintiff. The policy makes the application, and its provisions are a part of the policy itself. It is, therefore, just as much a part thereof as if written in the policy. *Bobbitt v. Ins. Co.,* 66 N. C., 70; *Ormond v. Ins. Co.,* 96 N. C., 158; *Cuthbertson v. Ins. Co.,* 96 N. C., 480, 486; *Fuller v. Knights of Pythias,* 129 N. C., 319; *Heilig v. Ins. Co.,* 162 N. C., 521; *Schas v. Ins. Co.,* 166 N. C., 55, 62; *Sheldon v. Ins. Co.,* 22 Conn., 235; *Lee v. Ins. Co.,* 203 Mass., 299; *Duncan v. Ins. Co.,* 6 Wend. (N. Y.), 488.

The delivery of the policy is admitted by plaintiff to have been 31 July, 1924, "in the morning mail." The mule had been dead two days.

The plaintiff is a sub-agent of the defendant. It is a fair inference from his evidence that he is a man of intelligence, active and prompt in business, and fully capable of understanding all provisions of the application and policy of insurance. The contract is what the parties agreed, and not what either party thought. *Brunhild v. Freeman,* 77 N. C., 128; *Building Co. v. Greensboro, ante,* 501.

Rules of construction are only aids in interpreting contracts that are either ambiguous or not clearly plain in meaning, either from the terms of the contract itself, or from the facts to which it is to be applied. When such a situation is presented the terms of the contract are construed against him who prepared it, the insurer, and in favor of the insured. *Kendrick v. Ins. Co.,* 124, N. C., 315, 320; *Bank v. Ins. Co.,* 95 U. S., 673; *Grabbs v. Ins. Assn.,* 125 N. C., 389; *Bank v. Fidelity Co.,* 128 N. C., 366; *Rayburn v. Casualty Co.,* 138 N. C., 379; *Bray v. Ins.*

*Co.,* 139 N. C., 390; *Jones v. Casualty Co.,* 140 N. C., 262; *R. R. v. Casualty Co.,* 145 N. C., 114; *Arnold v. Ins. Co.,* 152 N. C., 232; *Higson , v. Ins. Co.,* 152 N. C., 206; *Powell v. Ins. Co.,* 153 N. C., 124; *Penn. Ins. Co.,* 160 N. C., 399. This applies also to standard policies. *Gazzam v. Ins. Co.,* 155 N. C., 330; *Collins v. Casualty Co.,* 172 N. C., 543; *Lyons v. Knights of Pythias,* 172 N. C., 408; *Moore v. Accident Assurance Corp.,* 173 N. C., 532; *Trust Co. v. Ins. Co.,* 173 N. C., 558; *Smith v. Fire Ins. Co.,* 175 N. C., 314; *Guarantee Corporation v. Electric Co.,* 179 N. C. 402.

An insurance policy is only a contract, and is interpreted by the rules of interpretation applicable to other written contracts, and the intention of the parties is the object to be attained. *Crowell v. Ins. Co.,* 169 N. C., 35.

When clearly and unambiguously expressed it does not require construction and its words will be taken in the plain and ordinary sense. *Crowell v. Ins. Co., supra; Bray v. Ins. Co., supra; R. R. v. Casualty Co., supra; Durand v. Ins. Co.,* 63 Vt., 437; Vance on Insurance, 593; *Power Co. v. Casualty Co.,* 188 N. C., 597, 600.

The provision in the policy that the insurance shall not be in force or take effect unless the policy is delivered to the plaintiff while the animal covered by the policy is in good health and entirely free from sickness or injury, is not in conflict with the other provisions of the policy. That the animal described in the policy shall be in good health at the time of its delivery, is a condition precedent to the right of the plaintiff to recover. *Whitley v. Ins. Co.,* 71 N. C., 480; *Ormond v. Ins. Co.,* 96 N. C., 158; *Ross v. Ins. Co.,* 124 N. C., 395; *Ray v. Ins. Co.,* 126 N. C., 166; *Perry v. Ins. Co.,* 150. N. C., 143.

It is admitted in the instant case that the mule described in the policy died before the policy was countersigned at High Point, by the agent Mendenhall, and two days before the policy was sent through the mail to the plaintiff, defendant's sub-agent at Waxhaw, N. C. As soon as defendant's agent at High Point was informed by plaintiff that the mule had died on 29 July, the check sent for the premium was returned and a return of the policy was requested. It is clear that the minds of the parties never met upon a contract of insurance on the life of the mule in controversy. *R. R. v. Casualty Co., supra; Power Co. v. Casualty Co., supra; Paine v. Pacific Mut. Life Ins. Co.,* 51 Fed., 689; *Misselhorn v. Mut. Reserve Fund Life Assn.,* 30 Fed., 545; *Reserve Loan Life Ins. Co. v. Hockett,* 73 N. E., 842; *Piedmont and Arlington Life Ins. Co. v. Ewing,* 92 U. S., 377; *McClave v. Mut. Reserve Life Assn.,* 26 At., 78; *Smith v. Commonwealth Life Ins. Co.,* 162 S. W., 779; *Dumas v. North-*

*western National Ins. Co.,* 40 L. R. A., 358; *National Life Ins. Co. v. Jackson,* 161 Ark., 597; *Life & Casualty Ins. Co. v. King,* 137 Tenn., 685.

In *Fox v. Ins. Co.,* 185 N. C., 121, this Court allowed the case to be submitted to the jury because it was not an action on the policy which had not been delivered, but an action in tort for a negligent failure to deliver the policy. Plaintiff's cause of action was bottomed on his loss by the defendant's negligence in not delivering the policy and thereby making an insurance contract.

*Ins. Co. v. Grady,* 185 N. C., 348, is not in conflict with the views herein expressed. This case involves the delivery of a policy when the facts were known to the insurer and the subject of insurance still existed. In the instant case the subject-matter of the insurance, to wit, the mule, did not, at the time of the delivery, exist.

Parties would not knowingly make an insurance contract regarding a mule not in existence. The thing contemplated to exist and whose existence was an indispensable basis for their contemplated agreement, had no existence; therefore, there was no contract. *Eliason v. Henshaw,* 4 Wheat., 227; *Carr v. Duval,* 14 Pet., 77, 81; *Misselhorn v. Mut. Reserve Fund Life Assn., supra; Paine v. Pac. Mut. Life Ins. Co., supra; Reserve Loan Life Ins. Co. v. Hockett, supra; Piedmont and Arlington Life Ins. Co. v. Ewing, supra; McClave v. Mut. Reserve Fund Assn., supra; Bowen v. Prudential Ins. Co.,* 144 N. W., 543; *Hartsock v. Livestock Ins. Co.,* 223, Ill. App., 433; *Dumas v. Northwestern National Ins. Co., supra; National Life Ins. Co. of U. S. v. Jackson,* 161 Ark., 597; *Life & Cas. Co. v. King,* 137 Tenn., 685; *Ridinger v. Am. Live Stock Ins. Co.,* 201 N. W., 157; *Hartford Live Stock Ins. Co. v. Henning,* 266 S. W., 912; *Johnston v. Northwestern Live Stock Ins. Co.,* 107 Wis., 337; *Alston v. Ins. Co.,* 7 Kansas App., 179; *Green Bros. v. N. W. Livestock Ins. Co.,* 87 Iowa 358; *Live Stock Ins. Co. v. Bartlow,* 60 Ind. App., 233; *Hensel v. Live Stock Ins. Co.,* 219 Ill. App., 77; *Swain v. Live Stock Ins. Co.,* 165 Mass., 321; *Hough v. Live Stock Ins. Co.,* 230 Ill. App., 348; *Binnie v. Live Stock Ins. Co.,* 213 Ill. App., 75.

As stated in *Ormond v. Ins. Co., supra,* it is unnecessary for us to consider the other contentions of the defendant.

Applying these principles to the case at bar, we hold that there was no error in granting the motion for judgment as upon nonsuit, and the judgment appealed from is

Affirmed.